ADAM NIMPHIUS and ELIZABETH NIMPHIUS, Landlords, Respondents, *v.* ADOLPH DAVIS and DAVID MANDEL, Tenants, Appellants, and 1154 UNION AVENUE CORPORATION, Undertenant, Appellant.

Supreme Court, Appellate Term, First Department, May 1, 1924.

**Landlord and tenant — provision in lease that landlord might terminate same upon failure of tenants on certain date to give security for balance of term — offer of security by subtenants sufficient compliance with lease.**

A provision of a lease that the landlord might terminate the same for the failure of the tenants at the expiration of the first five years to furnish security for the balance of the term is sufficiently complied with by an offer of security by subtenants.

APPEAL by tenants and undertenant from a final order of the Municipal Court of the city of New York, borough of The Bronx, second district, in favor of the landlord after a trial by a judge without a jury.

*William Hauser,* for the appellants.

*Salter & Steinkamp (Winfred C. Allen,* of counsel), for the respondents.

*Per Curiam.* The tenants Davis and Mandel were lessees under a lease for twenty-one years commencing June 1, 1918. They had sublet, with the landlords' knowledge, to one of the undertenants. The lease provided that at the expiration of the first five years, " namely, on May 30th, 1923," they would " furnish security either in cash or by a surety company bond in the amount of $1,000 for the balance of the term of the lease," and that in the event of their default in that respect the landlord might terminate the lease on thirty days' notice. The landlord, claiming that such default had taken place, gave the notice upon which the final order appealed from was made. It appeared, however, that prior to May 30, 1923, the undertenants, on behalf of Davis & Mandel, had offered to furnish the security called for in the lease, but the landlord " said he did not want any bond from Kuhnmann." There was also testimony to the effect that the landlord wanted a higher rental.

As we interpret the lease it was indifferent to the landlord who actually handed him the cash or surety company bond required to be furnished by the immediate tenant, so that quite apart from any consideration to the effect that the assignee or undertenant may have had the right to furnish the security in any event, the refusal of the landlord to accept it and his rejection of the tender thereof solely on the ground that it was offered by a person other than his immediate lessees was unjustified and afforded no basis for a termination of the lease according to the terms thereof. We do not, therefore, have to decide the further question urged by appellants, whether a tender by the lessees themselves, although somewhat belated, was not sufficient, under the circumstances, to defeat the attempted termination of the lease, on principles applicable to cases of this kind.

Final order reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, McCOOK and CRAIN, JJ.

Order reversed.