ADAM NIMPHIUS (Deceased) and ELIZABETH NIMPHIUS, Appellant, v. ADOLPH DAVIS and Others, Respondents.

First Department, February 20, 1925.

**Summary proceedings to dispossess — expiration of lease — lease provided for deposit of security upon certain date with right in landlord on failure of tenant to make deposit to terminate lease on thirty days' notice — notice by landlord on failure of tenant to give security terminated lease — thereafter tenant was unlawfully holding over and landlord was entitled to final order.**

The landlord in summary proceedings to dispossess was entitled to a final order on the ground that the tenant was unlawfully holding over after the termination of the lease, where it appears that the lease provided for the deposit by the tenant of security for the payment of rent, such deposit to be made on a stipulated date; that under the lease the landlord had the right in case of the failure of the tenant to make deposit, to terminate the lease upon thirty days'

First Department, February, 1925.                    [Vol. 212

written notice; and the evidence shows that the tenant failed to make the deposit as agreed and that the landlord thereafter served a written notice on him.

APPEAL by the plaintiff, Elizabeth Nimphius, from an order and determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of Bronx on the 1st day of May, 1924, reversing a final order of the Municipal Court of the City of New York, Borough of Bronx, Second District, in favor of the landlords, granted in summary proceedings to dispossess.

Adam Nimphius, one of the plaintiffs, died while the appeal before the Appellate Term of the Supreme Court was pending herein; and Elizabeth Nimphius, his wife, the other plaintiff, succeeded by operation of law to all his rights, title and interest in and to the subject-matter of this litigation, to wit, real property, they having held title thereto as tenants by the entirety.

*Salter & Steinkamp [Winfred C. Allen* of counsel], for the appellant.

*Emanuel Van Dernoot,* for the respondents.

McAvoy, J.:

By the final order of the Municipal Court, the tenants here were directed to vacate the premises occupied by them on the ground that their lease had expired through a notice served pursuant to the terms of the lease for the tenants' failure to furnish a bond or deposit cash as security for the payment of the rent reserved in the lease.

The Appellate Term reversed the final order according to the opinion there rendered, because of the alleged refusal of the landlord to accept the security offered, and the asserted rejection thereof solely on the ground that it was offered by a person other than the immediate lessees, and it held such action was unjustified and afforded no basis for a termination of the lease according to the terms thereof. (123 Misc. 164.) This conclusion does not appear to be sustained by the evidence in the case.

No tender of the bond was made by any one until June 15, 1923, which was after the notice of election to terminate the lease had been given by the landlord. The tender was made then by the lessees themselves and not by any persons in their place and stead.

The question presented is: Did the clause in the lease, paragraph 15, permit the termination of the lease by the landlord by a notice the service of which would on its set date make the

tenant one who is unlawfully holding over and continuing in possession of the demised premises?

Paragraph 15 of the lease provides:

" 15th. The tenants have this day delivered to the landlords, a bond in which they are principals and the Fidelity & Deposit Company of Maryland, is surety in the amount of Fifteen hundred dollars ($1,500) securing Mr. Nimphius from any damages which may occur during the said five (5) years by reason of any breach of the terms, covenants and conditions of this lease; and at the expiration of the said five (5) years, namely on May 30th, 1923, the tenants agree to furnish security either in cash or by Surety Company bond in the amount of One thousand dollars ($1,000) for the balance of the term of this lease. In the event that the tenants fail to furnish said new security as herein required the landlords may on thirty (30) days' notice elect to terminate this lease."

After a request to substitute the under tenants for the tenants as lessees for the remainder of the term had been refused by the landlord, and the security not having been tendered by either tenant or under tenant, on the due date, the landlord gave notice to the tenants electing to terminate the tenancy as of July 16, 1923.

The tenant contends that the lease did not give the landlord the power thus to cause the lease to expire or terminate. The landlord claims that such notice revoked the lease and caused its termination. We think the failure of the tenant to furnish security within the time limited under the clause of the lease quoted above gave the landlord the right to elect to terminate the tenancy, and his notice thereafter did cause an expiration of the lease. The full term granted was limited on the condition of a termination earlier by notice indicating the landlord's election.

The determination should be reversed, with costs in this court and in the Appellate Term to the appellant, and the final order of the Municipal Court affirmed and reinstated.

CLARKE, P. J., DOWLING, FINCH and MARTIN, JJ., concur.

Determination reversed, with costs to appellant in this court and in the Appellate Term, and final order of the Municipal Court affirmed and reinstated.