45 EAST 57TH STREET CO., INC., Appellant, v. HERBERT G. MILLAR, Respondent, and ADELE MILLAR, Defendant, Doing Business under the Firm Name of ADELE MILLAR COMPANY.

45 EAST 57TH STREET CO., INC., Respondent, v. HERBERT G. MILLAR, Appellant, and ADELE MILLAR, Defendant, Doing Business under the Firm Name of ADELE MILLAR COMPANY.

First Department, October 30, 1925.

**Landlord and tenant — action by landlord to recover under savings clause in lease after tenant had surrendered following service of precept — savings clause provided that if tenant was dispossessed he would pay certain expenses and difference between rent contracted and rent received thereafter — surrender after service of precept no defense — savings clause is valid and enforcible.**

A landlord may recover under a savings clause in a lease which provides that in case the tenant is dispossessed he will pay to the landlord certain expenses and the difference between the rent contracted and the rent received thereafter by the landlord during the period specified in the lease, and it is not a defense to such an action that the tenant surrendered the premises to the landlord following the service of a precept on him in summary proceedings to dispossess.

An agreement of this kind is legal and valid and subjects the tenant to liability under the conditions stated therein.

APPEAL in the first above-entitled action by the plaintiff, 45 East 57th Street Co., Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of October, 1924, denying plaintiff's motion to strike out the first defense contained in the answer served by the respondent.

Appeal in the second above-entitled action by the defendant,

**190** FORTY-FIVE EAST FIFTY-SEVENTH ST. CO., INC., v. MILLAR.

First Department, October, 1925.                    [Vol. 214

Herbert G. Millar, from an order and determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 11th day of November, 1924, and thereafter entered in the office of the clerk of the City Court of the City of New York, affirming an order of the City Court of the City of New York, entered in the office of the clerk of the said City Court on the 17th day of July, 1924, striking out the first defense in the appellant's amended answer.

*Ross & Kaufman* [*Joseph B. Kaufman* of counsel], for the plaintiff.

*Adolph Hirsch Rosenfeld,* for the defendant Herbert G. Millar.

McAvoy, J.:

These two appeals arise, one from a determination of the Appellate Term affirming an order of the City Court of the City of New York striking out a separate defense, and the other from the Special Term of the Supreme Court which denied a motion to strike out the same defense in an answer in an action in the Supreme Court involving the same issues.

The defense which is the object of attack alleges, in an acton ifor damages for the difference between the rent reserved in a lease and the amount secured by the landlord after the tenant had given up possession of the premises, that a precept upon the petition of plaintiff was issued and served on the defendants requiring them as tenants to remove from the premises described in the lease or to show cause why possession should not be delivered to the landlord; that defendants, pursuant to the precept, removed all their property and vacated the premises and surrendered them to plaintiff for the residue of the unexpired term; and that since March 10, 1923, they have not occupied the premises; and that plaintiff accepted the surrender thereof and has since occupied the same. The defendants assert, in effect, that by reason of the precept being issued and the defendants removing from the premises and plaintiff's acceptance of the surrender, the lease was terminated and all provisions of it canceled, and that plaintiff cannot make any claim under the lease under any of its clauses against the defendants, whether by way of rent as such or damages accruing because of the termination of the lease.

We do not think this defense is of any value as a bar to the cause. The very object of the clause under which plaintiff asserts its right, known as the " savings clause," is to preserve the remedy of the landlord for loss after the termination of the lease.

The part of the clause 29th of the lease which continues liability in the tenant reads as follows: " * * * In the event that the

landlord shall obtain possession by re-entry, dispossess, summary proceedings or otherwise, the tenant hereby agrees to pay to the landlord the expense incurred by the landlord in obtaining possession of said premises, including legal expenses and attorneys' fees, and to pay such other expenses as the landlord may incur in putting the premises in good order and condition, and the cost of any alterations or subdivisions that the landlord may deem advisable for the reletting of the said premises, and also any other expense or commissions which may be paid by the landlord in and about the letting of the same; and the tenant further agrees to pay each month to the landlord the difference between the amount to be paid as rent as herein reserved, and the amount of rent which shall be collected and received from the demised premises for such month during the residue of the term herein provided remaining after the taking possession by the landlord, and the overplus, if any, at the termination of the period herein provided for shall be paid to the tenant unless, within the period of six (6) months from the termination of this lease, as aforesaid, the landlord shall, by a notice in writing, release the tenant from any and all liability whatsoever in this clause of paragraph Twenty-nine contained, which it is agreed the landlord shall, at the landlord's option, have the right to do, in which event it is agreed that the landlord and the tenant shall have no further rights and liabilities hereunder."

There are two law issues raised here; one whether the service of the precept in a summary proceeding in obedience to which a tenant voluntarily abandons the premises, destroys the liability created by the savings clause; and the other whether the liability created by the savings clause survives the termination of the relationship of landlord and tenant because of a covenant broken. It is not doubtful now that the voluntary removal of a tenant from premises after the service of a precept in summary proceedings terminates the relationship of landlord and tenant. This has been determined lately in two cases in the Court of Appeals (*Cornwell* v. *Sanford*, 222 N. Y. 248, and *Hoffmann Brewing Co.* v. *Wuttge*, 234 id. 469). Whether the savings clause survives under such circumstances was not passed upon in those cases. There is no doubt, however, if plain language can remove doubt, that the intent of the parties as reflected in this clause is to permit the landlord to repossess itself of the premises by summary proceedings and to hold the tenant for the difference between the amount he agreed to pay as rent and the amount received by the landlord thereafter.

The tenant's argument that the breach of the covenant to pay rent, followed by dispossess proceedings and abandonment of the premises after the precept was served, cancels all obligations,

would make the savings clause meaningless and futile in effect. The savings clause remains inoperative until the termination of the relationship of landlord and tenant, and becomes effective only after the termination of the relationship, and is a well-defined obligation in clear language of the tenant to pay after the conventional relationship of landlord and tenant is disturbed, and it should be enforced as it reads. The parties may agree that a dispossess proceeding which breaks the lease shall not terminate all liability between them, and may agree to render the lessee liable to the end of the term although out of possession. Rent as such cannot accrue, because the lease itself is at an end and the relationship of landlord and tenant no longer exists, but the covenant to pay after surrender of possession through summary proceedings or otherwise expressly provides for the contingency of such repossession by the landlord and authorizes the lessor to relet and requires the lessee to pay the deficiency between the rent reserved in the lease and the rent received after its expiry.

The principle of law to be applied here does not differ from that applied in the early case of *Hall* v. *Gould* (13 N. Y. 127), which has been cited and its doctrine followed in *Michaels* v. *Fishel* (169 id. 381); *McCready* v. *Lindenborn* (172 id. 400) and by this court in *Darmstadt* v. *Knickerbocker Chandelier & El. S. Co.* (188 App. Div. 129), and *Slater* v. *Von Chorus* (120 id. 16).

The determination of the Appellate Term should be affirmed, with ten dollars costs and disbursements, and the order of the Special Term reversed, with ten dollars costs and disbursements, and the motion to strike out the defense granted upon the ground of insufficiency.

CLARKE, P. J., DOWLING, FINCH and BURR, JJ., concur.

In the first case: Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

In the second case: Determination affirmed, with ten dollars costs and disbursements.