SUSANNA VON DER HORST, Plaintiff, *v.* HARRY WOLINSKY, Defendant.

Municipal Court of New York, Borough of Manhattan, Fourth District, May 26, 1930.

*Sidney R. Fleisher,* for the plaintiff.

*Cattano & Gilman,* for the defendant.

PRINCE, J. This is an action in form for rent under a written lease. The amount claimed is $1,000.

The defendant, tenant, admitting liability for one month's rent, $300, asserts that the lease was terminated by the plaintiff, landlord, pursuant to its terms, and that thereby the defendant became entitled to the return of the $1,000 security, less the rent due, for which a counterclaim is asserted.

The facts have been stipulated in writing. Only questions of law are presented. Involved is an interpretation of clauses of a lease, which because they give to the landlord a choice of remedies upon the tenant's default, appear to be irreconcilable.

The parties have chosen a printed form of lease containing clauses inserted to meet unforeseen results, declared from time to time by decisions of our appellate courts. The result is that the written contract is confusing. The province of this court is, if possible, to find harmony in these apparently conflicting provisions and to determine the rights of the parties according to their words and conduct.

The plaintiff let to the defendant the dwelling and furnished rooming house No. 87 East One Hundred and Eighth street, in the borough of Manhattan, New York city, for a term of ten years commencing September 15, 1925, at the monthly rental of $300, payable on the fifteenth of the month in advance. The defendant did not pay the installments of rent which became due July 15, 1928, and thereafter.

In the latter part of July, 1928, the plaintiff began a summary proceeding against the tenant for non-payment of the rent which became due on July 15, 1928. For reasons immaterial, it was discontinued. On August 7, 1928, the landlord sent to the tenant a notice that she elected to terminate the lease, effective as of August 15, 1928, under paragraph 17 thereof, because of the tenant's failure to comply with " the statutes, rules and orders of the Tenement House Department of the City of New York." The tenant did not surrender under this notice. On the same day, August 7, 1928, the landlord served a precept and petition in summary proceeding for non-payment of the $300 rent which became due July 15, 1928. The precept, besides the usual relief, contains a demand for personal judgment. By stipulation dated August 15, 1928, the demand for personal judgment was withdrawn. On the return of the summary proceeding a final order was granted on default. It was signed August 28, 1928; the warrant was issued August 30, 1928, and executed August 31, 1928. The landlord, on October 19, 1928, relet the premises for a period of five years commencing November 1, 1928, at $280 a month.

The landlord claims $300 rent which became due July 15, 1928 (this is admitted), $300 due August 15, 1928, $300 due September 15, 1928, and $100 due October 15, 1928. Apparently only $100 is claimed for the last month in order to bring the action within the jurisdiction of this court.

The tenant asserts that by virtue of the notice of termination of August 7, 1928, the *lease* terminated on August 15, 1928; that no liability survived; that since the lease is at an end, the tenant is entitled to a return of the security less the rent due, namely, $700.

The principal question presented is whether the lease came to an end on August 15, 1928, by virtue of the notice of August 7, 1928, or whether the notice was superseded and rendered ineffective by the final order in the summary proceeding made August 28, 1928. For a determination of this question the lease must be searched.

In paragraph 8 it is provided that: " * * * should the tenant be evicted by summary proceedings or otherwise, the landlord or representatives may re-enter the same * * *, and the tenant shall pay *at the same time as the rent is payable under the terms hereof* * * * a sum equivalent to the rent reserved herein, and the landlord may relet said premises on behalf of the tenant, applying any moneys collected, first to the expenses of resuming or obtaining possession, and then to the payment of the rent and all other charges due the landlord, any surplus to be paid to the tenant, who shall remain liable for any deficiency."

If the notice of election to terminate may be disregarded, as the plaintiff asserts, then clearly under these provisions the plaintiff is entitled to recover $300, as *rent* due July 15, 1928, and the subsequent installments as *damages,* measured by a sum " equivalent to the rent reserved." Under this clause the obligation of the tenant to pay *damages* survives a final order in summary proceeding. (*Forty-five East Fifty-seventh St. Co., Inc., v. Millar,* 214 App. Div. 189; *Kottler v. N. Y. Bargain House, Inc.,* 242 N. Y. 28.) The contention of the defendant that the action is premature, and that the claim for damages is assertable only at the expiration of the lease, ignores the plain language of the lease. It obligates the defendant to account for damages, on the basis of monthly rests. (*McCready v. Lindenborn,* 172 N. Y. 400.)

However, the claim of the defendant is, that the plaintiff did not elect to proceed under paragraph 8 of the lease. That claim rests on paragraph 17 of the lease. It is there provided that " * * * if default be made in the payment of the rent or any part thereof as herein specified, * * * or if default be made in the performance of any of the covenants and agreements in this lease

contained on the part of the Tenant to be kept performed, or if the Tenant shall fail to comply with any of the statutes, ordinances, rules, orders, regulations and requirements of the Federal, State and City Government or of any and all their Departments and Bureaus applicable to said premises, * * * the Landlord may, if she so elect, at any time thereafter terminate this lease and the term thereof, on giving to the Tenant five days' notice in writing of her intention so to do, and upon the giving of such notice, this lease and the term thereof shall terminate, expire and come to an end on the date fixed in such notice as if said date were the date originally fixed in this lease for the termination or expiration thereof."

Under this paragraph, the defendant having defaulted in the payment of rent and having failed to comply with the rules and orders of the tenement house department, as the plaintiff asserted, the plaintiff had a right to terminate this lease and to give the notice of August 7, 1928, and without more, the landlord might have on August 15, 1928, the date fixed in the notice for the termination of the lease, maintained summary proceedings against the tenant for holding over after the expiration of his term.

These paragraphs 8 and 17 are not inconsistent. They give the landlord rights in the alternative. They contemplate that where the tenant has failed to pay rent, the landlord may, if he sees fit, dispossess the tenant for non-payment of rent, thereby severing the *term* but keeping the *agreement* alive, with the right to hold the defendant for any deficiency upon reletting, and the obligation to account to the defendant for any surplus. Paragraph 8 gives this right. On the other hand, the landlord, in the event of a default by the tenant in the payment of rent, or of other conditions giving the right of re-entry only by common-law action and not by dispossess, is given the right to cancel *the agreement itself* and to limit its term by the giving of a notice, thereby releasing the tenant from all loss that might come from vacancy or reletting, and absolving the landlord from accountability for any excess. These remedies are not inconsistent. (*Kalvin* v. *Sturges*, 196 App. Div. 466; *Martin* v. *Crossley*, 46 Misc. 254.)

When the landlord served the notice of August 7, 1928, declaring her election to terminate the lease, she evidenced a clear intention to proceed under paragraph 17 of the lease. The notice reads that the landlord elects not merely to terminate the term, but " to terminate this lease and the terms thereof." Nothing further on the part of the plaintiff or defendant was required to make this notice effective. Upon the expiration of the period therein fixed, namely, on August 15, 1928, the lease, according to its own terms,

" terminated, expired and came to an end  *  *  *  as if said date [August 15, 1928] were the date originally fixed in this lease for the termination or expiration thereof." (*Reisberg* v. *Ownit Realty Corp.*, 133 Misc. 156; *A. Z. A. Realty Corp.* v. *Harrigan's Cafe*, 113 id. 141; *Waitt Const. Co.* v. *Loraine*, 109 id. 527; *Martin* v. *Crossley*, 46 id. 254; *Nimphius* v. *Davis*, 212 App. Div. 5; *507 Madison Ave. Realty Co.* v. *Martin*, 200 id. 146.)

That notice of August 7, 1928, was beyond recall. The term could not be reinstated save by a new agreement of the parties. (*Brecher* v. *11 West 42d Street*, 133 Misc. 423.) It was not for the plaintiff to waive the notice. It created fixed rights. (*Miller* v. *Levi*, 44 N. Y. 489; *Cottle* v. *Sullivan*, 8 Misc. 184.) It was not necessary for the defendant to respond to this notice by word or conduct, any more than action is required to make effective an original expiration date. That the defendant did not vacate on August 15, 1928, did not operate either to give him an additional term or to divest the landlord of the right to maintain proceedings for defendant's removal as a holdover tenant. (See, also, *Burnee Corporation* v. *Uneeda Pure Orange Drink Co.*, 132 Misc. 435; *Childs Co.* v. *Burke*, 110 id. 103; *Barney Estate Co.* v. *Palmer & Singer Mfg. Co.*, 68 id. 501.)

The commencement of the summary proceeding on the same day that the notice was given, based upon the non-payment of the July 15, 1928, rent, did not change the relationship of the parties. The final order in that non-payment proceeding adjudicates nothing which militates against the defendant's present claims. The tenant was on the same day served with a notice that the landlord elected to cancel the lease, and with a precept wherein he was advised that by legal process the landlord would seek the premises for non-payment of rent. The tenant's default in the summary proceeding is not inconsistent with the claim now asserted. The relief demanded was the possession of the premises. That, the defendant was content to give. A summary proceeding is a legal process of purely possessory character. (*Nemetty* v. *Naylor*, 100 N. Y. 562.) The landlord had a choice of proceedings to recover possession — non-payment of rent, or holdover. She chose the former. That choice did not affect her right to cancel the lease by reason of its limitation. (*Glassberg* v. *Feder*, 196 N. Y. Supp. 547.) The defendant was not concerned whether possession was awarded because the lease was at an end, or because he had defaulted in payment of rent. The final order merely adjudicates that at the time of the commencement of the summary proceeding, August 7, 1928, there was between the parties the conventional relationship of landlord and tenant — that the defendant concedes — and that at the time of

its making — more accurately at the time of the commencement of the proceeding — there was some rent due from the tenant. (*Meyerhoffer* v. *Baker*, 121 App. Div. 797; *Prince* v. *Schlesinger*, 116 id. 500; *Rosenquest* v. *Noble*, 21 id. 583.) That, likewise, the defendant concedes. The final order did not adjudicate the length of the term remaining unexpired (*Rothstein* v. *Sieinbugler*, 52 Misc. 552), nor even the amount of rent unpaid (*Katzman* v. *Engelhardt*, 125 Misc. 168). As to rights, it merely adjudicates that the landlord is entitled to possession of the premises from the tenant.

The conclusion must follow that the landlord elected to terminate the lease under paragraph 17, and that the lease came to an end on August 15, 1928.

Thus far it has been assumed that the notice of August 7, 1928, having been given and its effect not having been nullified in any way, the lease came to an end on August 15, 1928. There remains, however, a troublesome question in respect to this phase of the case. Ordinarily, it is the landlord who asserts the conditional limitation of a lease by the occurrence of prescribed conditions and the giving of a notice. In such case the burden is upon him to establish what is required by the lease to make the limitation effective. Here the tenant, sued for rent, asserts the conditional limitation, rendered operative by the landlord. The burden is thus cast upon the defendant to prove that the limitation became effective.

It is to be borne in mind that this lease does not give the landlord the arbitrary right to terminate it on mere notice. The right may be exercised only provided the tenant is in default. Unless it appears by probative evidence that the defendant had in fact defaulted in the performance of the lease, the notice itself is ineffective. It is conceded that on August 7, 1928, the defendant was in default in the payment of rent, but that is not asserted as the ground for the termination of the lease. The notice reads that the landlord " elects to terminate this lease and the terms thereof by reason of the failure of the tenant to comply with the statutes, rules and orders of the Tenement House Department of the City of New York." The lease obligates the tenant in paragraph 3 to comply with these. It was not factually shown that the tenant was in default in the discharge of statutes, orders and rules of the tenement house department of the city of New York. As against the defendant, upon this notice alone, the finding would be that sufficient had not been established to work a limitation of the lease.

However, the question is whether the plaintiff may challenge the accuracy of that which she herself asserted. Certainly not on the ground of an estoppel. There was no reliance. The defendant

knew the facts as well, if not better, than the plaintiff. There was no prejudice because the defendant did not surrender the premises. The words " by reason of the failure of the Tenant to comply with the statutes, rules and orders of the Tenement House Department of the City of New York," alone, are inadequate both as averment and proof. Although a party is not ordinarily charged with an admission in fact, from the mere expression of an opinion or a conclusion as to interpretation or operation of laws, in the light of the relationship of these parties, the plaintiff will be held to her written word and will, for the purposes of this proceeding, be deemed to have admitted the defendant's default in the matters specified in the notice. (See *Judson* v. *Fielding*, 227 App. Div. 430, at p. 433.)

In the light of these conclusions the plaintiff can only recover the $300 rent which became due on July 15, 1928, together with $150, the reasonable value of the use and occupation from August 15, 1928, up to August 31, 1928, the date of the execution of the warrant. (Civ. Prac. Act, § 1434; *Gulick* v. *Thompson*, 165 N. Y. Supp. 788; *Martin* v. *Moulton*, 200 id. 213.)

There is left for consideration the question of the defendant's right to the security. The lease provides that the security shall be returned to the tenant after the time fixed as the expiration of the term. Paragraph 17 provides that upon the giving of the notice, the lease shall " terminate, expire and come to an end on the date fixed in such notice as if said date were the date originally fixed in this lease for the termination or expiration thereof." The notice having been given fixing a date, the lease expired on August 15, 1928. No liability against the defendant survived. No reason exists why the security should be retained. The defendant is entitled to its return.

The plaintiff is entitled to recover from the defendant $450, with interest on $300 from July 15, 1928, and on $150 from September 1, 1928, at the rate of six per cent per annum, and the defendant is entitled on his counterclaim to recover from the plaintiff $1,000, with interest at four per cent per annum from September 28, 1925, to August 15, 1928, a rate fixed by the agreement of the parties (See paragraph 22), and thereafter at the rate of six per cent per annum.

I accordingly award judgment in favor of the defendant and against the plaintiff in the sum of $722.90.