MILTON M. SENZ, INC., Appellant, *v.* GRACE E. HAMMER and Others, Respondents.

First Department, November 3, 1933.

*Samuel R. Wachtell* of counsel [*Wachtell, Manheim & Grouf*, attorneys], for the appellant.

*M. Edward Kelley* of counsel [*Kelley & Connelly*, attorneys], for the respondents.

TOWNLEY, J.   This action is brought by a tenant to recover a deposit made under a lease.   Plaintiff leased certain property for a term of years and deposited $5,000 " as security for the payment of the rent under this lease, and for the full and faithful performance by the tenant of all of the covenants, terms and conditions upon the tenant's part to be performed, the tenant on the delivery of this lease has paid to the landlord the sum of Five thousand Dollars ($5,000), for the repayment of which sum the landlord has become indebted to the tenant, as hereinafter provided, and it is understood and agreed that, in the event of the termination of this lease by summary proceedings, re-entry, or any other manner whatsoever, by reason of the tenant's default, then the tenant shall not thereby become entitled to the payment of said debt, but the landlord may retain the amount so paid with any interest accruing thereon until this lease would have expired by its own limitation, but for such earlier termination, and this covenant shall survive any such termination of this lease, and said sum so paid and all interest accruing thereon shall continue to be held by the landlord after any such termination as security for the payment of any deficiency in the rent that may thereafter arise, *or which the tenant is made liable as hereinbefore provided."*   (Italics ours.)

The plaintiff while in occupancy defaulted in rent amounting to some $600 due November 1, 1930, and in the payment of semi-annual taxes and certain fire insurance ·premiums, both of which were due under the lease.

The lease provides that if the tenant has defaulted in the rent and has remained in default " for ten days after the landlord shall have served upon the tenant written notice of such default and demand for payment of such rent or additional rent, then, upon the expiration of said period of ten days (10) after the service of such notice, if such default shall still continue, this lease and the term hereby granted shall, without any entry or further act of the landlord, terminate and come to an end, in the same manner and with the same force and effect, as if the expiration of said ten day (10) period had been the date fixed for the expiration of the term originally granted hereunder."   It was specifically agreed that this provision was intended to have all the effects of a conditional limitation and not a condition, and it was further agreed that all

covenants on the part of the tenant were made conditional limitations and that on default of any for ten days after a notice served by the landlord, the lease should be terminated.

After the default in this case, the landlord on November eighteenth served on the tenant the following notice:

" To MILTON M. SENZ, INC., Tenant:

" You will please take notice that you are indebted to the undersigned in the sum of Six hundred Dollars ($600.00) for the monthly installment of rent due November 1, 1930, * * * which sum became due under a lease of said premises * * * dated November 5, 1928, * * *.

" You will please take further notice that the undersigned requires the payment of all of said rent within ten (10) days after the service of this notice, or, in the alternative, that you deliver up to the undersigned the possession of the said premises."

On November 25, 1930, within seven days after the receipt of the notice, the tenant vacated the premises and delivered the keys to the landlord with a letter stating, " We beg to inform you that we have vacated the premises * * * and in accordance with your request as set forth in your notice dated November 17th, 1930, we hereby deliver up to you possession of the said premises."

The receipt of the keys was acknowledged the next day and the landlord agreed to resume possession and attempt to rent the premises for the tenant's account. On December 2, 1930, summary proceedings were brought to dispossess the tenant. No order was ever entered in these proceedings. They were marked discontinued by the landlord.

The present controversy in relation to the security arises because of the different interpretations put by the parties on the notice. The landlord claims that the notice was not intended to be a demand under the conditional limitation clause of the lease but was intended to serve solely as the prerequisite step to a summary proceeding. The landlord, therefore, claims that in spite of the fact that the tenant vacated before it was possible to get a final order or a warrant, the tenant was nevertheless evicted under legal proceedings, under the reasoning of this court in *Henochstein* v. *Nachman* (218 App. Div. 673). The tenant contends, however, that the notice was for ten days and was a notice specifically provided for under the lease, that the demand was literally obeyed and the premises surrendered before any legal action was taken.

The question is important because of the covenant of paragraph twenty-second of the lease, which reads as follows:

" *Twenty-second.* That in the event of re-entering or of the

termination of this lease by summary proceedings or otherwise, whether or not the premises be relet, the tenant shall until the time when this lease would have expired but for such termination remain liable for and the tenant hereby expressly agrees to pay to the landlord the equivalent of the amount of all rent and additional rent reserved herein, less the avails of reletting (if any) or less the net amount, after deducting all expenses of every kind, left to the landlord from rents collected from occupants of the demised premises. * * * *The re-entry or termination of this lease above referred to shall only be as the result of legal proceedings.*" (Italics ours.)

It was specifically provided by the above quoted provision of the lease that there should be no liability for rent unless the re-entry or termination of the lease was the result of legal proceedings. The parties contemplated the possibility of terminating the lease by notice as well as by legal proceedings. The question is whether under the circumstances we are obliged to construe the notice given as necessarily a notice starting the ten-day period.

It has been held that when once such notice is given it may not be recalled if the tenant acts in accordance with the demand. (See *Von der Horst* v. *Wolinsky*, 137 Misc. 182, and cases there cited.) As Mr. Justice LEVY said in *Burnee Corp.* v. *Uneeda Pure Orange Drink Co., Inc.* (132 Misc. 435, 442): " The breach is only an event antecedent to, and not the direct cause of, the expiration. The landlord is given the privilege in the original instrument to cancel it by notice, which practically substitutes a short period for the original term, and whether the occasion of this notice is the breach of the condition or a cause which does not reflect upon the tenant's conduct is quite immaterial. The lease expires by a mode of limitation which the landlord is granted the sole privilege to exercise. As is stated in *Cottle* v. *Sullivan* (8 Misc. 184, 188): ' In the language of the lease the service of the notice, and the expiration of the time fixed by it, were to have the same " effect as if that were the expiration of the original term of the lease." Those acts created the expiration of the term. No re-entry or other act of respondents was necessary.' "

We hold that the notice given had the effect, since it was acted on by the tenant, of terminating the lease under the conditional limitation clause without any legal proceedings. The lease, therefore, expired absolutely by the limitation on November 28, 1930. The deposit was to be applied to payments for rent for which the tenant was made " liable as hereinbefore provided." The only liability which could survive was such as was accomplished by

legal proceedings. The lease had expired by its own provisions before legal proceedings were instituted. The provisions of the security clause do not entitle the landlord to retain the security after the expiration of the term of the lease even if we regard the security clause as an independent agreement. Deductions must be made against the security for any rent due at the time the lease terminated as well as any other proper charges that might have accrued at that time or as a result of any damages to the premises in vacating.

The judgment and order so far as appealed from should be reversed, with costs, and the motion for summary judgment should be granted and an inquest taken to determine the amount due.

FINCH, P. J., MARTIN, O'MALLEY and GLENNON, JJ., concur.

Judgment and order so far as appealed from reversed, with costs, and motion for summary judgment granted and an inquest taken to determine the amount due. Settle order on notice.