SOL S. HAND, Respondent, *v.* ISIDORE J. RIFKIN, Appellant.

(Argued January 10, 1934; decided February 27, 1934.)

*Philip Zierler* and *A. L. Geilich* for appellant. The action was prematurely brought because by agreement of the parties the tenant was not discharged from his obligations upon re-entry of the landlord. (*Lenco, Inc.,* v. *Hirschfeld,* 247 N. Y. 44; *Halpern* v. *Manhattan Ave. Theatre Corp.,* 173 App. Div. 610; 220 N. Y. 655; *International Publications, Inc.,* v. *Matchabelli,* 260 N. Y. 451; *Gaffney* v. *Paul,* 29 Misc. Rep. 642; *Baker* v. *Donlin,* 88 Misc. Rep. 586.)

*Benjamin Bernstein* for respondent. The action is not prematurely brought. (*American Smelting & Refining Co.* v. *Stettenheim,* 177 App. Div. 392: *Kottler* v. *N. Y.*

*Bargain House, Inc.,* 242 N. Y. 28; *Reich* v. *Cochran,* 151 N. Y. 122; *Wolf* v. *Rudinsky,* 135 App. Div. 172; *Chaude* v. *Shepard,* 122 N. Y. 397.)

O'BRIEN, J. Defendant as landlord leased certain premises to two individuals for fifteen years from September 1, 1929, and they assigned their lease to the Sea Gate Service Garage, Inc., which went into possession. The tenants deposited the sum of $12,500 as security for the performance of all the conditions of the lease. The rent was paid until November 1, 1931, when the tenant defaulted and was evicted by a warrant of dispossess in a summary proceeding. Plaintiff, as assignee of the deposit, brought this action for its return and his motion on the pleadings to the extent of $7,934.17 has been granted.

The conventional relation of landlord and tenant having been terminated by the warrant of dispossess, the question is whether the terms of the lease establish a continuing liability on the part of the tenant subsequent to such termination.

Paragraph 22 of the lease stipulates that the security shall be returned to the tenant " at the end or termination of this lease, provided the tenant has fully and faithfully carried out and complied with each and every term hereof on its part to be kept and performed." This clause must be read with paragraph 23 which provides that if the tenant " is dispossessed or if the tenant violates any of the covenants, conditions and agreements of this lease, then and in that event the said sum of $12,500 shall at the option of the landlord be retained by the landlord as liquidated and stipulated damages." Considering these clauses together, without reference to other provisions in the lease, their combined significance would force the conclusion that the tenant, having failed to comply with all provisions, is not entitled at this time to the return of the deposit and that the landlord, even when the tenant has been dispossessed, does not become the owner of the deposit as liquidated damages. If no other covenant of

the lease is inconsistent with these two covenants, the action must be marked as premature and the issue of damages must necessarily await proof of actual loss by the landlord. (*Seidlitz* v. *Auerbach*, 230 N. Y. 167; *Lenco, Inc.*, v. *Hirschfeld*, 247 N. Y. 44.)

Paragraph 19 craves attention. This clause is verbose but its substance can be compressed. In the event that the tenant shall default in the rent or in the performance of any of the covenants or conditions of the lease, the landlord has the option to terminate the lease by serving a five days' notice to comply. If, within the five days, the tenant fails to comply, the landlord at his option may serve a second five days' notice of intention to terminate the lease. Upon the giving of this second notice the term shall end upon a date to be fixed in this notice and the landlord may re-enter by summary dispossess proceeding or otherwise. "Notwithstanding such entry the tenant shall at the option of the landlord remain liable and pay rent for said premises for the full term aforesaid and all taxes, assessments, water rents * * * and all reasonable costs and charges for the care of the premises while vacant and of the re-entry and reletting thereof, as well as each and every other payment required to be made by the tenant, and the tenant shall be entitled to be credited with such rent as shall otherwise be actually received and realized by the landlord during the remainder of said term, it being agreed that the landlord may, at the landlord's option, as agent for the tenant, but in the landlord's name, rent said premises for the balance of the term or any portion thereof and that the tenant shall be liable for the deficiency and that the landlord may recover at the beginning of each month after such default or violation the damages sustained during the preceding month. The first five days' notice to comply with any of the conditions above enumerated, and for a default whereof the landlord would be entitled to serve the same need not be given in the event of a default in the payment

of rent or any part thereof, or in the making of any payments herein specifically mentioned in a liquidated amount."

The tenant did default in the payment of rent and the landlord did not give the five days' notice but did re-enter and remove the tenant by summary dispossess proceedings. According to the provisions of section 19, the landlord is not bound to serve notice in the event of default in the payment of rent. Since a first notice is not required, there is no reason for inferring that an impossible second one is necessary. According to the provisions of section 22, the tenant is not entitled to return of the security at the termination of the lease unless he has fully performed. He has not fully performed. Upon re-entry by the landlord, following dispossess by summary proceedings, the tenant may be held only in such a sum, not exceeding the amount of the security, as represents the actual loss sustained by the landlord, during the remainder of the term as described in the lease, as a result of the tenant's violation of the terms of the lease and his consequent eviction. (*Chaude* v. *Shepard*, 122 N. Y. 397.) The expression " such re-entry " is not, in our opinion, limited to a re-entry following the service of a five days' notice, for when the tenant's violation consists in a failure to pay rent, no notice is required. The language is descriptive of such a re-entry as is rightfully established under the terms of the lease by reason of the tenant's default in payment. Any re-entry resulting from such an established right was, as we interpret the covenant, within the contemplation of the parties. The effect of section 19, when no notice is required, is not different from the clause which was the subject of interpretation in *International Publications, Inc.*, v. *Matchabelli* (260 N. Y. 451). We think that under these covenants the tenant's liability survives the severance of the conventional relationship created by the lease, but that the loss, if any, which the landlord may suffer through the tenant's

default has not been and cannot be ascertained until the end of the term denominated in the lease.

This action, therefore, being premature, the judgments should be reversed and the motion denied, with costs to appellant in all courts.

POUND, Ch. J., CRANE, LEHMAN, HUBBS and CROUCH, JJ., concur; KELLOGG, J., not voting.

Judgments reversed, etc.