Per Curiam.

Plaintiff’s action for return of security deposited under the terms of the lease between the parties is premature. Having breached the lease, plaintiff’s liability under its terms survived the date fixed in defendants ’ notice of termination and continues to the expiration date fixed in the lease (Rand v. Rifkin, 263 N. Y. 416; International Pub. v. Matchabelli, 260 N. Y. 451; Matter of Homann, 45 F. 2d 481).
Defendants are entitled to partial summary judgment for use and occupation from June 15 to August 30, 1962, as agreed to by the parties,, and for damages attributable to plaintiff’s failure to pay rent, in accordance with the terms of the lease for the period from ■ August 31, 1962 to the date when the counterclaim was ijaterposed.
The judgment and order should be reversed, with $10 costs to defendants, and plaintiff’s motion for partial summary judgment denied; defendants’ cross motion for partial summary judgment granted; plaintiff’s first cause of action dismissed and partial summary judgment granted to defendants on their first and third counterclaims as hereinafter indicated, matter remitted to court below for an assessment of damages in accordance herewith and balance of defendants’ counterclaim and plaintiff’s secqnd cause of action are severed.
Brows and Groat, JJ., concur.