Gulotta, J.
(dissenting). This action by a former tenant of the defendants seeks recovery of a security deposit in the amount of $5,000 made under a lease.
The lease was to run to February 15, 1965, but it was brought to a premature end on June 14, 1962, by service of a five-day notice by the landlords pursuant to paragraph 17 which conferred such a right, inter alla, for failure to pay rent. The tenant was therjeafter ejected in a holdover summary proceeding, the warrant being executed August 30, 1962.
The landlords resisted plaintiff’s motion for summary judgment on the ground that paragraphs 8 and 23 of the lease continued the tenant’s liability for the rent after the dispossess nd that paragraph 15 entitled the tenant to a return of the *583 security at the end of the leased term only on condition that it has faithfully performed all the terms and conditions of the lease.
The tenant was granted partial summary judgment in the sum of $898 which was arrived at by adding all of the defendants’ counterclaims arising prior to August 30, 1962, and subtracting them from the $5,000, leaving the disputed questions of fact for future trial.
The court below, relying largely on Von der Horst v. Wolinsky (137 Misc. 182), took the position that a landlord may not terminate a lease for all purposes under paragraph 17 and leave itself free to rerent the premises for any rental it can get without further accountability to the tenant, and simultaneously hold the tenant for a deficiency under paragraph 8 which incidentally establishes a correlative duty to account for a surplus.
It may be pointed out too, that a clause which says that ‘1 if any default be made in the performance of any of the covenants herein contained, the landlord or representatives may re-enter the said premises by force, summary proceedings or otherwise ” does not literally cover the instant situation, since the present summary proceeding was not based on a default, but on a holding over after a termination by notice. In other words the default evoked a notice not a summary proceeding.
Leases are sophisticated documents containing words of special meaning and must be strictly construed (Michaels v Fishel, 169 N. Y. 381), aside from the fact that they are traditionally prepared by the landlord, generally favorable to him, and thus to be construed against him. See Gillet v. Bank of America (160 N. Y. 549, 555) where Martin, J. says: £< The reason of the rule that the language of an instrument is to be construed against the person who proposes it rather than against the person who is invited to accept it, is that men are supposed to take care of themselves, and that he who chooses the words by which a right is given, ought to be held to the strict interpretation of them, rather, than he who only accepts them. ” Paragraph 23 by its terms deals with termination of the relation of landlord and tenant by means other than notice and therefore its provisions for survival of liability similar to paragraph 8 can have no application to the present case.
Paragraph 15 only allows retention of the security to insure performance under the lease proper, but it does not purport to create any independent liabilities of its own and therefore it fails to justify holding the money for a nonexistent future performance.
*584 In Matter of Homann (45 F. 2d 481) the Circuit Court of Appeals for the Second Circuit held to the contrary of the views expressed herein, but that court did not purport to make New York law on this subject, but rather to ascertain what it was, or is, and the cases relied on by it are not in point. For instance, the principal one, Lenco, Inc. v. Hirschfeld (247 N. Y. 44) was not a holdover proceeding but a simple dispossess for nonpayment, and contains nothing germane to the present problem. -The same is true of Hand v. Rif Jem (263 N. Y. 416) and International Pub. v. Matchabelli (260 N. Y. 451) in neither of which cases was a notice served to terminate the lease.
The Court of Appeals seems not to have directly considered the point in issue. In Sens, Inc. v. Hammer (265 N. Y. 344, 346) a case involving termination of a lease by notice where the Appellate Division had held there was no surviving liability for damages equal to the rent (239 App. Div. 174) there was a reversal, but the official headnote indicates the security clause in part read as fallows: “ in the event of the termination of this lease by summary proceedings, re-entry, or any other manner, whatsoever, by reason of the tenant’s default, then the tenant shall nót thereby become entitled to the payment of said debt, but the landlord may retain the amount so paid with any interest accruing thereon until this lease would have expired by its own limitation, but for such earlier termination, and this covenant shall survive any such termination of this lease, and said sum so paid and all interest accruing thereon shall continue to be held by the landlord after any such termination as security for the payment of any deficiency in the rent that may thereafter arise, for which the tenant is made liable as hereinbefore provided. ” If it were the fact that a general security clause still survives after a holdover proceeding as a matter of course, as appellant here urges, there would have been no need to stress or emphasize such special provisions as those above cited.
It may be noted too -that in 37-01-31 St. Realty Corp. v. Young (134 N. Y. S. 2d 250) Judge Scileppi held that neither paragraph 8 nor paragraph 23 of a similar lease (apparently the same printed form we have to deal with here) applied to a termination by notice for a different reason, viz., extra hazardous occupation. That decision in favor of the landlord was predicated on the damages and forfeiture provision of the very clause under which the landlord served the notice, to wit paragraph 4, but ¡ paragraph 17 in our case has no similar provision.
*585 I am, therefore, of the opinion that the order and judgment appealed from should be affirmed.
Present: Brown, Gtjlotta and Groat, JJ.
Order and judgment reversed, etc.