(July 20, 1964)

Rose Container Corporation, Appellant, v. Howard D. Lieberman et al., Respondents.— In an action by defendants' former lessee to recover the sum of $5,000 deposited by it as security under a written lease between it and defendants' predecessor in title (first cause of action), and to recover excess fire insurance premiums paid by it (second cause of action), in which defendants interposed three counterclaims for unpaid rent and damages, the plaintiff appeals, by permission of the Appellate Term of the Supreme Court, from an order of said Appellate Term, dated February 21, 1964, which: (a) reversed an order and judgment of the Civil Court of the City of New York, Kings County, dated May 17, 1963; (b) denied plaintiff's motion for partial summary judgment; (c) granted defendants' cross motion for partial summary judgment, dismissed the first cause of action with respect to the return of the $5,000 deposited as security, and granted judgment to defendants on their first and third counterclaims; (d) remitted the action to the trial court for an assessment of damages accordingly; and (e) severed the plaintiff's second cause of action with respect to the return of the excess insurance premiums and the balance of the defendants' counterclaims. Order of the Appellate Term modified as follows: (1) by striking out so much thereof as directed the reversal of the order of the Civil Court dated May 17, 1963, and by substituting therefor a provision modifying said order of the Civil Court as hereinafter indicated; (2) by adding a provision to the Appellate Term's order affirming said order of the Civil Court insofar as it granted plaintiff's motion to dismiss the defendants' third counterclaim as insufficient in law, and

directed its dismissal; (3) by striking out from said Appellate Term order the provision granting partial summary judgment to defendants upon their third counterclaim; (4) by adding to such order a provision denying defendants' cross motion insofar as defendants seek partial summary judgment upon their third counterclaim; and (5) by adding to such order a provision reversing the said order of the Civil Court in all respects, except with respect to the defendants' third counterclaim and the motions relating thereto. As so modified, the order of the Appellate Term is affirmed, without costs. The lease (a printed form) was to expire, by its terms, on Febuary 15, 1965. Section 17 thereof empowered the landlord to bring the lease to an earlier termination on various grounds, including nonpayment of rent, by a five days' written notice of the landlord's intention to terminate the lease. Defendants gave plaintiff such a notice, stating nonpayment of rent as the basis, and fixing June 14, 1962 as the termination date. After that date defendants commenced a summary proceeding; and thereafter (on Aug. 30, 1962) plaintiff was evicted pursuant to a warrant issued in that proceeding. Plaintiff then brought this action to recover the $5,000 which it had deposited with the landlord under section 15 of the lease as security for its (plaintiff's) performance of the terms of the lease on its part to be performed. It bases its right to recovery on the theory that, upon the accelerated termination of the lease on June 14, 1962, it was entitled to repayment under said section 15. That section provides that the fund " shall be returned to the Tenant after the time fixed as the expiration of the term herein, provided the Tenant has fully and faithfully carried out all of * * * [the] terms, covenants and conditions on Tenant's part to be performed." Sections 8 and 23 of the lease authorize re-entry by the landlord in variously stated circumstances, which may generally be described as breaches by the lessee of certain terms of the lease, including nonpayment of rent; those sections further authorize the landlord to relet the premises and to hold the lessee liable for deficiencies. In our opinion, section 15 of the lease should be interpreted as meaning that the deposit is repayable only after the expiration of the term originally fixed in the lease, that is, after February 15, 1965. Consequently, the assertion of the first cause of action for the recovery of the deposit was premature. The case of *Matter of Homann* (45 F. 2d 481) involved a similar claim for repayment of a security deposit under a lease containing precisely the same provisions as to when the fund was repayable. It is questionable whether the statement in that case (p. 482) that, under the New York decisions, " such a covenant survives the [accelerated] termination of the lease," was entirely correct when made. The decision in *Homann* also rejected a contrary holding (*Von der Horst* v. *Wolinsky*, 137 Misc. 182). Nevertheless, the holding in *Homann* is consistent with the decision we are rendering in the instant case. [For a distinction between specific language indicating that the fund remains payable only upon the expiration of the original term (with specific reference to the pertinent provision in *Homann*, which is the same as the one in the instant case), and general language to the effect that repayment is to be made at the expiration of the term, see *Richman* v. *Joray Corp.*, 183 F. 2d 667, 670.] The *Homann* case (*supra*) was decided in 1930. Regardless of whether it was correct in its statement as to what the New York law then was, it appears that since then there has been no decision to the contrary. It must be assumed, therefore, that in the interim landlords and tenants have contracted in reliance upon the correctness of that statement. This court would be averse to making a decision to the contrary after so many intervening years of business dealings in reliance on *Homann*. As to the third counterclaim, it has been conceded that its assertion was premature. It was interposed on December 26, 1962; and it made

claim with respect to the period from January 15, 1963 to February 15, 1965. The Appellate Term order was correct in not permitting the assessment of damages to embrace that period of time. However, the Appellate Term should not have disturbed the Civil Court's order insofar as it granted plaintiff's motion to dismiss this third counterclaim as insufficient. We, therefore, find the determination of the Appellate Term to be proper, except with respect to the defendants' third counterclaim; that counterclaim should have been dismissed. The order of the Appellate Term has been modified accordingly. While the judgment of the Civil Court (which has been reversed) also contains a provision dismissing the third counterclaim, there is no need to reinstate the judgment insofar as it dismissed the counterclaim. The formal dismissal of the third counterclaim, which is now directed by the Civil Court order, may more properly be included in the judgment which will be subsequently entered in this action. [For opinions of the courts below, see 39 Misc 2d 209, revd. 42 Misc 2d 581.] Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.