THE HERMITAGE COMPANY, Respondent, *v.* JOSEPH LEVINE, Appellant.

Landlord and tenant — lease — dispossession — reletting as agent for former tenant — rent realized evidence of damages sustained — liability of tenant for damages from reletting single and entire in absence of provision in lease to the contrary — deficiency ascertained at end of term — action by landlord to recover deficiency upon reletting after dispossession prematurely brought.

1. A provision in a lease that after its termination by dispossession or ejectment, removal or abandonment, the landlord may relet as the agent of the tenant, does not mean that the landlord is an agent in a strict sense. The privilege to relet as agent for the former tenant means only that the reletting shall be evidence of the damages sustained, which, when the time to ascertain them comes, will be computed upon the basis of what is realized through the reletting without other evidence of value.

2. In the absence of a provision in the lease that points with reasonable clearness to a different construction, a liability for damages resulting from a reletting is single and entire, not multiple and several, and the deficiency is to be ascertained when the term is at an end.

3. The complaint, therefore, in an action by a landlord to recover damages suffered through deficiency of rents upon its reletting premises after dispossession of defendant who had leased the same for a term ending many years hence, must be dismissed in the absence of a damage clause in the lease making the tenant responsible for monthly deficits after re-entry by the landlord.

*Hermitage Co.* v. *Levine,* 222 App. Div. 12, reversed.

(Submitted May 11, 1928; decided May 29, 1928.)

APPEAL from a judgment, entered December 15, 1927, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of defendant entered upon a verdict directed by the court and directing judgment in favor of plaintiff.

*Meyer D. Siegel* for appellant. The action at bar is prematurely brought. (*Kottler* v. *New York Bargain House*, 242 N. Y. 28; *Darmstadt* v. *Knickerbocker*, 188 App. Div. 129; *Seidlitz* v. *Auerbach*, 186 App. Div. 7; *Halpern* v. *Manhattan Ave. Theater Corp.*, 173 App. Div. 610; 220 N. Y. 655; *Harding* v. *Austin*, 93 App. Div. 564; *Matter of Hemanor*, 144 N. Y. 271; *McCready* v. *Lindenborn*, 65 N. Y. 298; 172 N. Y. 400; *Mann* v. *Munch Brewery*, 225 N. Y. 189; *Lenco* v. *Hirshfield*, 247 N. Y. 44; *Bowditch* v. *Raymond*, 144 Mass. 109.) The plaintiff landlord, failing to relet the premises, as agent for the defendant, elected to relieve the defendant from liability under the covenant, and no action for deficiency or for damages will lie. (*Brill* v. *Friedhoff*, 192 App. Div. 802; *Glendenning* v. *Lindner*, 9 Misc. Rep. 683; *Knabe Mfg. Co.* v. *Dinwiddie*, 116 N. Y. Supp. 716; *Underhill* v. *Collins*, 132 N. Y. 269; *Gray* v. *Kaufman Dairy & Ice Co.*, 162 N. Y. 388; *Weeks* v. *International Trust Co.*, 125 Fed. Rep. 370; *Bowditch* v. *Raymond*, 144 Mass. 109.) The covenant in the lease at bar does not create a liability for rent or for deficiency which survives the issuance of a warrant in summary proceedings. (*Michaels* v. *Fishel*, 169 N. Y. 381; *Johnson* v. *Oppenheim*, 55 N. Y. 280; *Chaude* v. *Sheppard*, 122 N. Y. 397; *Hinsdale* v. *White*, 6 Hill, 507; Code Civ. Pro. § 2253; *Atterbury* v. *Bank*, 241 N. Y. 231; *Anzolone* v. *Paskusz*, 96 App. Div. 198; *45 East 57th Street* v. *Miller*, 214 App. Div. 189; *Pannuto* v. *Foglia*, 105 N. Y. Supp. 495; *Asher Simon Realty Co.* v. *Goldberg*, 61 Misc. Rep. 634; *Baylies* v. *Ingram*, 82 N. Y. Supp. 891; *Sockoff* v. *Bernstein*, 164 N. Y. Supp. 262; *Butler* v. *Stellman*, 93 Misc. Rep. 151;

*Halpern* v. *Manhattan,* 173 App. Div. 610; *Reshen* v. *Rosenwall Realty Co.,* 199 N. Y. Supp. 77; *Markman* v. *451 Grand St.,* 168 N. Y. Supp. 522; *Colderaro* v. *Kempner,* 197 N. Y. Supp. 41.)

*Albert H. Atterbury* and *Taylor More* for respondent. The action was not begun prematurely. (*Howard* v. *Daly,* 61 N. Y. 362; *Darmstadt* v. *Knickerbocker C. & E. Co.,* 188 App. Div. 129.) The clause in the lease which is here in question is ample to sustain plaintiff's claim, whether for rent, or damages, or deficiency. (*Slater* v. *Von Chorus,* 120 App. Div. 16; *45 East 57th St. Co.* v. *Miller,* 214 App. Div. 189; *Baylies* v. *Ingram,* 84 App. Div. 360; 181 N. Y. 518; *Butler* v. *Stillman,* 92 Misc. Rep. 151; *McCready* v. *Lindenborn,* 172 N. Y. 400; *Lenco, Inc.,* v. *Hirschfield,* 247 N. Y. 44.) Plaintiff's claim is only for such damages as had actually accrued at the commencement of the action. (*McCready* v. *Lindenborn,* 172 N. Y. 400; *Michaels* v. *Fishel,* 169 N. Y. 381; *Baylies* v. *Ingram,* 84 App. Div. 20; *Anzolone* v. *Paskusz,* 96 App. Div. 188; *Asher Simon Realty Co.* v. *Goldberg,* 61 Misc. Rep. 634; *Parmto* v. *Foglia,* 55 Misc. Rep. 244.) The landlord had a right to use the property as it did and still hold the tenant for damages. (*Slater* v. *Von Chorus,* 120 App. Div. 16; *Saracena* v. *Preisler,* 180 App. Div. 348; *Grigsby* v. *Ruland,* 210 App. Div. 640.)

CARDOZO, Ch. J. Plaintiff leased to defendant a seven-story building in the city of New York for a term of twenty-one years and two months, commencing August 1, 1924, and ending October 1, 1945, at a rent of $72,000 a year, payable monthly in advance, for the first five years together with all taxes, assessments, insurance charges and other expenses incidental to the maintenance and management of the building, and at a higher rent thereafter.

Defendant went into possession, but paid the rent for

only a few months, and was dispossessed in summary proceedings on December 31, 1924.

The lease contained the following provision as to the liability of the tenant after re-entry by the landlord:

" In case the tenant shall be dispossessed or ejected, or shall remove from or abandon the demised premises after a demand for the rent or the service of a notice as provided by section 1410 of the Civil Practice Act, or after the commencement of dispossess proceedings, or for any other reason, the landlord may re-enter the said premises by force or process of law or otherwise, and relet the same as agent for the tenant, and the tenant shall remain liable for all damages which the landlord may sustain by any such breach of this agreement, or through such entry or reletting."

Plaintiff, upon resuming possession, made diligent effort to relet. Three floors it relet to one tenant, two to a second and a part of one floor (the first) to a third. For a few months it ran a garage on the remaining part of the first floor, but later relet this also. By August 1, 1925, it had relet the whole building. The new leases were for varying terms. Three and a half floors were relet for fifteen years; two and a half for ten years; and one for three years. After all are at an end, a substantial period will remain before October 1, 1945, when the defendant's liability expires.

This action, begun in March, 1926, is brought to recover the damages suffered by the landlord through the deficiency of rents computed to that time. The defendant is credited with $30,000, a security deposit, and with the profits earned through the use of the garage as well as with the rents collected. The result is a deficiency of $25,529.39, for which judgment is demanded. The Trial Term dismissed the complaint. The Appellate Division reversed, and gave judgment for the plaintiff.

The principal question is whether the action is premature. After the tenant had been ejected in summary

proceedings, the lease was at an end. What survived was a liability, not for rent, but for damages (*Kottler* v. *N. Y. Bargain House Co.*, 242 N. Y. 28). The defendant insists that ascertainment of the damages will be impossible until October 1, 1945. The plaintiff insists that by the proper construction of the covenant the loss is to be ascertained monthly as if the lease were still in force, with the result that successive causes of action will arise with every monthly deficit.

The provision that the landlord may relet as the agent of the tenant after the termination of the lease does not mean that he is an agent in a strict sense. Plainly, he is not, for after the termination of the lease, what he relets is his own. The privilege to relet as agent for the former tenant means this and nothing more, that the reletting shall be evidence of the damages sustained. We find an analogy in the statement, not infrequent in the books, that a vendor of personal property is the agent of a vendee in reselling upon default (*Moore* v. *Potter*, 155 N. Y. 481, 487). The damages, when the time to ascertain them comes, will be computed upon the basis of what is realized through the reletting without other evidence of value.

The question is still left, how often and when shall the damage be computed? Is there to be a single cause of action in which all the damage will be computed down to October, 1945, or are there to be monthly causes of action to recover successive deficits, though conceivably new leases made when the present ones are over will make the net result a surplus?

No doubt, a damage clause can be drawn in such a way as to make a tenant responsible for monthly deficits after the re-entry of his landlord, and this without charging the landlord with a duty to account for a surplus in other seasons. Such a clause will be found in *McCready* v. *Lindenborn* (172 N. Y. 400), where the lease was to the effect that the tenant would pay the difference in rent

22

[248 N. Y. 333]    Opinion, per Cardozo, Ch. J.    [May,

" in equal monthly payments as the amount of such difference shall from time to time be ascertained." A clause similar in effect, though more uncertain in its terms, will be found in *Mann* v. *Munch Brewery* (225 N. Y. 189), where the tenant was to " continue liable for the payment of the rent and the performance of all the other conditions herein contained." None the less, in the absence of a provision that points with reasonable clearness to a different construction, a liability for damages resulting from a reletting is single and entire, not multiple and several. The deficiency is to be ascertained when the term is at an end (*Harding* v. *Austin*, 93 App. Div. 564 [per Willard Bartlett, J.]; *Halpern* v. *Manhattan Ave. Theatre Corp.*, 173 App. Div. 610; 220 N. Y. 655; *Darmstadt* v. *Knickerbocker C. & E. S. Co.*, 104 Misc. Rep. 547, App. Term, per Lehman, J.; 188 App. Div. 129). The tenant when ejected ceases to be a tenant. What he covenants to pay is the damage, not the rent. To hold him for monthly deficits is to charge him with the obligations of a tenant without any of the privileges. He must pay in the lean months, without recouping in the fat ones. He must do this, though it may turn out in the end that there has been a gain and not a loss. A liability so heavy may not rest upon uncertain inference.

We do not overlook the hardship to the landlord in postponing the cause of action until October, 1945. The hardship is so great as to give force to the argument that postponement to a date so distant may not reasonably be held to have been intended by the parties. There is no reason to suppose, however, that the landlord was expectant of so early a default or so heavy a deficiency. It had in its possession a deposit of cash security in the sum of $30,000. Very likely this was supposed to be enough to make default improbable and the risk of loss remote. If the damage clause as drawn gives inadequate protection, the fault is with the draftsman. The courts are not at liberty to supply its omissions at the expense

of a tenant whose liability for the future ended with the cancellation of the lease except in so far as he bound himself by covenant to liability thereafter.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in the Appellate Division and in this court.

POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment accordingly.