INTERNATIONAL PUBLICATIONS, INC., Appellant, *v.* PRINCE
G. MATCHABELLI, Respondent.

(Argued October 17, 1932; decided January 10, 1933.)

*Joseph B. Kaufman* for appellant. The provisions of
the lease create a liability in damage after dispossess for

covenant broken. (*Hermitage* v. *Levine*, 248 N. Y. 333; *Mann* v. *Munch*, 225 N. Y. 189; *Michaels* v. *Fishel*, 169 N. Y. 381; *Darmstadt* v. *Knickerbocker*, 188 App. Div. 129; *Slater* v. *Von Chorus*, 120 App. Div. 16; *Hall* v. *Gould*, 12 N. Y. 127; *Pickett* v. *Bartlett*, 107 N. Y. 277; *Robinson* v. *Beard*, 140 N. Y. 107; *May* v. *Gillis*, 169 N. Y. 330; *Mecca Realty* v. *Kellog*, 166 App. Div. 74; 221 N. Y. 724; *Matter of Buchner*, 226 N. Y. 400; *Anzalone* v. *Paskusz*, 98 App. Div. 188; *Rosenfeld* v. *Aaron*, 248 N. Y. 437; *Tepper* v. *Minsker*, 93 Misc. Rep. 36; *Johnson* v. *Oppenheim*, 55 N. Y. 280; *Simons* v. *First Nat. Bank*, 93 N. Y. 269.)

*Borris M. Komar* for respondent. Clause 12 in the lease does not confer the right upon the landlord to re-enter and relet premises as tenant's agent, and hold the tenant liable in damages for the deficiency in rent, if any. (*Fidelity & Deposit Co.* v. *Commonwealth Trust Co.*, 65 Misc. Rep. 88; *Haywood* v. *Shreve*, 44 N. J. L. 94; *Chaude* v. *Shepard*, 122 N. Y. 397; *Eten* v. *Luyster*, 60 N. Y. 252; *Simon* v. *First Nat. Bank*, 93 U. S. 269; *Michaels* v. *Fishel*, 169 N. Y. 381; *McCready* v. *Lindenborn*, 172 N. Y. 400; *Slater* v. *Von Chorus*, 120 App. Div. 16; *Crausman* v. *Graham Construction Co.*, 95 Misc. Rep. 608.)

KELLOGG, J. The complaint, for a first cause of action, alleges that the plaintiff was the owner of premises known as 471 Park avenue, New York city; that he entered into an agreement with the defendant on the 8th day of September, 1924, whereby he leased the premises to the defendant; that the stipulated term of the lease was five years, commencing on the 1st of October, 1924, and ending on the 30th of September, 1929; that the rental agreed upon was $2,700 for the first year and $3,000 a year for the remainder of the term; that the rental was made payable in advance on the first day of every month; that the defendant entered into possession; that the defendant neglected to pay an installment of rent due October 1, 1925; that

the plaintiff instituted summary proceedings to eject the defendant from possession; that an order dispossessing the defendant was made; that the defendant vacated the premises and the plaintiff re-entered; that no rent was paid by the defendant during the months of November, 1925, to September, 1926, inclusive; that the plaintiff was unable to sublet the premises during this period; that the loss accruing to the plaintiff through such non-payment was $2,700, with interest to date on unpaid monthly installments. The complaint, for a second cause of action, restates the facts set forth in the first cause and further states that on October 1, 1926, the plaintiff sublet the premises for the balance of the term, October 1, 1926, to October 1, 1929, at an annual rental of $2,700; that the defendant made no further payments; that as a consequence of the defendant's default the plaintiff's rentals were diminished by the sum of $900. The complaint demands judgment for $3,650.

There can be no doubt of the general principle that where a tenant removes from premises after a warrant in summary proceedings has been issued, the conventional relationship of landlord and tenant ceases and the landlord may not recover from the tenant, *as rent*, subsequent installments thereof for which the lease provides. (*Cornwell* v. *Sanford,* 222 N. Y. 248; *Hoffmann Brewing Co.* v. *Wuttge,* 234 N. Y. 469; *Hermitage Co.* v. *Levine,* 248 N. Y. 333; *Kottler* v. *New York Bargain House,* 242 N. Y. 28.) The principle finds statutory expression in section 1434 of the Civil Practice Act which states: " The issuing of a warrant for the removal of a tenant from demised premises cancels the agreement for the use of the premises, if any, under which the person removed held them, and annuls accordingly the relation of landlord and tenant," it being provided, however, that the landlord may recover rent payable before the warrant was issued, or the reasonable value of the use of the premises prior to such time. "After the tenant had been ejected in summary proceed-

ings, the lease was at an end. What survived was a liability, not for rent, but for damages (*Kottler* v. *N. Y. Bargain House*, 242 N. Y. 28)." (Per CARDOZO, Ch. J., in *Hermitage Co.* v. *Levine, supra*, at p. 336.) These principles, however, do not prevent landlord and tenant from contracting as they please, even in respect to periods subsequent to eviction, after the termination of the relationship of landlord and tenant. (*Hermitage Co.* v. *Levine, supra*.)

The lease between these parties, which is annexed to the complaint and made a part thereof, contains this clause: "Any entry or re-entry by the landlord, whether had or taken under what are known generally as summary proceedings, or otherwise, and in any manner, shall not be deemed to have absolved or discharged the tenant from any liability hereunder." Freed from all technicalities, with which the law governing leasehold interests is attended, the clear intention thus expressed by the parties was this: Even if the tenant shall be evicted; even if for his monthly rental he will receive no monthly use; even if the relationship of landlord and tenant shall have terminated; these facts, nevertheless, " shall not be deemed to have absolved or discharged the tenant from any liability hereunder." What was the " liability hereunder " when the lease was signed? None else than to pay the landlord during a period of five years the sum of $2,700 for the first year and the sum of $3,000 for each of the remaining four years. These sums the tenant agrees that he will pay regardless of whether the tenancy, through summary proceedings taken, has or has not ceased to exist. Whether the moneys to be paid subsequently to eviction should be termed " rents " or not is immaterial. It is enough, for the purposes of this case, since all installments payable are past due, that he has agreed to pay them, and has defaulted upon his promise.

In *Mann* v. *Munch Brewery* (225 N. Y. 189, 194) there was considered a clause reading as follows: " If the tenant

is dispossessed by the issuance of service of any warrant or final order in summary proceedings, or if he abandon the premises, he shall nevertheless continue liable for the payment of the rent and the performance of all ot the other conditions herein contained." It was held that the ouster of the tenant through summary proceedings did not absolve the tenant from making subsequent payments. No distinction may be perceived between the phrase " shall nevertheless continue liable " contained in the lease considered in that case, and the words used in the lease now considered, providing that the eviction " shall not be deemed to have absolved or discharged the tenant from any liability hereunder." " The parties may, however, as they did in this case, agree to the contrary and render the lessee liable to the end of the term although out of possession," said Judge CRANE in the case cited (p. 194). " No doubt, a damage clause can be drawn in such a way as to make a tenant responsible for monthly deficits after the re-entry of his landlord," said Chief Judge CARDOZO in *Hermitage Co.* v. *Levine* (*supra,* at p. 337). We think the clause was so drawn in this case that the lessee is liable for the loss in rentals suffered by the landlord.

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

POUND, Ch. J., CRANE, O'BRIEN, HUBBS and CROUCH, JJ., concur; LEHMAN, J., dissents.

Judgment accordingly.