### BROWN et al. v. IRVING TRUST CO.

### In re UNITED CIGAR STORES CO. OF AMERICA.

### No. 466.

Circuit Court of Appeals, Second Circuit.
July 17, 1933.

L. HAND, Circuit Judge, dissenting in part.

Rumsey & Morgan, of New York City (Charles Dickerman Williams and Sidney Kaplan, both of New York City, of counsel), for appellants.

Cravath, de Gersdorff, Swaine & Wood, of New York City (Donald C. Swatland, Wm. D. Whitney, and R. L. Gilpatric, all of New York City, of counsel), for appellee.

Oscar R. Hallam, of St. Paul, Minn., and Charles Dickerman Williams, of New York City, for A. M. Hollister, amicus curiæ.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

■ This case is governed by the case of Manhattan Properties, Inc., v. Irving Trust Co., Trustee, 66 F.(2d) 470, handed down herewith, if the covenant in the lease is in substance the same. For this reason we confine ourselves to its consideration. The lease gave the lessor a right of re-entry upon breach of any of the covenants contained, or in case the term was seized on execution, or that the les-

see was adjudicated, or had assigned for the benefit of creditors. The lessee's covenant in case of re-entry for any reason was that "it will indemnify the Lessor against all loss of rent which the Lessor may incur by reason of such termination, during the residue of the term." We cannot construe this language as meaning that the lessee will pay the difference between the aggregate of the accelerated rents, discounted, and the present value of the term, assuming that that would make the claim provable, which we do not say. The lessor might well not have been content with any such relief; rents might fall after the re-entry and leave him uncovered pro tanto. True, he might have reserved such an option, if there was also a provision for liquidated damages besides the language we have quoted. But he cannot make the clause serve both purposes; one, to give him an immediate claim for liquidated damages; the other, a series of claims for the difference between each installment and what he could get on a release, or perhaps only a general claim for indemnity at the end of the term. The New York Court of Appeals suspended for so long a clause, even like that in Manhattan Properties, Inc. v. Irving Trust Co.; Hermitage Co. v. Levine, 248 N. Y. 333, 162 N. E. 97, 59 A. L. R. 1015. There is more reason to do so here. But it is not necessary for us to decide whether the clause was so suspended, or whether the lessee should pay the difference each month; in either case there can be no proof.

■ The claimant next argues that in case of bankruptcy it could not have been the purpose to reserve a claim or a series of claims in the future against a bankrupt corporation, and that for this reason the promise should be construed as one for liquidated damages. If the only condition of re-entry had been bankruptcy, more could be said for this, though hardly enough in view of the terms chosen; but under this lease the lessor might re-enter for any breach of covenant, and some of these might occur while the lessee was amply able to respond. If in those events the promise was to indemnify the lessee seriatim, or at the end of the term, we cannot recast the words to make them over into a liquidation of damages in the case of bankruptcy. Possibly the full intent was not expressed; if so, the loss must fall upon the lessor, who presumably drafted it.

Finally, the question arises as to so much of the claim as accrued before the expiration of the time to file claims, which could of course have been pro tanto liquidated in season, like

474

a claim against an indorser of a note which became due before that time. This part of the claim seems to me to present acutely the issue in general, and of course as I should include damages for all installments, a fortiori I should include these. But taken strictly, the doctrine of In re Roth & Appel (C. C. A.) 181 F. 667, 31 L. R. A. (N. S.) 270, does not admit of that variant. A claim for future rent must be fixed at petition filed and not become absolute thereafter; the distinction attaches not only to realty itself, but to covenants which concern it or rents issuing from it. We all agree that the claim was either good or bad as a whole, though we recognize that there are stronger reasons for holding good that part which fell due before the expiry of the period to file claims, or to distribute the estate.

Order affirmed.