302–304 WEST 68TH ST. CO., INC., Plaintiff, *v.* ALBERT HIRST and Another, Defendants.

City Court of New York, New York County, July 26, 1933.

*Blandy, Mooney & Shipman,* for the plaintiff.

*Sayers Brothers,* for the defendants.

SCHIMMEL, J. The lease upon which this suit is based provides for a survival of liability on the part of the tenant notwithstanding his ejectment by summary proceedings. The defendant, however, contends that this action is premature and that the tenant's survival of liability, in the event of his dispossession and the reletting of the premises by the landlord, is conditioned upon a deficiency which can only be ascertained after May 1, 1938, when the lease expires. Paragraph tenth of the lease reads as follows: " But,

notwithstanding, such forfeiture or repossession, and notwithstanding the dispossession of the tenant by summary proceedings under Chapter 17 of the Code of Civil Procedure, and the issuance or the execution of a warrant in said proceedings, the tenant shall nevertheless, at the sole option of the landlord, remain liable for and shall pay the rent for said demised premises for the full term, except as hereinafter mentioned. In the event of re-entry by the landlord, or in case the tenant be dispossessed in summary proceedings, the landlord may at its option relet the demised premises for the remainder of the term, or any portion thereof, for the account of the tenant, and receive the rent thereof, applying the same first to the payment of such expenses as the landlord may be put to in obtaining possession, and then to the payment of rent due under this lease, the balance if any to be paid over to the tenant, and the tenant covenants to pay in full any deficiency which may arise." The provision for a survival of liability in the event of a reletting, as found in the lease at bar, resembles closely the provision considered in the case of *Hermitage Co.* v. *Levine* (248 N. Y. 333), with the difference that there the tenant was to remain liable for all damages. This difference is unimportant; the source of damage is the deficiency.

If paragraph tenth of the instant lease had gone no further than to provide that in the event of dispossession of the tenant by summary proceedings, he " shall pay the rent for said demised premises for the full term," the case of *Mann* v. *Munch Brewery* (225 N. Y. 189) would then be applicable and the tenant would be obliged to continue to pay the quarterly installments of rent as they became due. But paragraph tenth does not stop there; it specifies an exception, the reletting of the premises by the landlord for the account of the tenant, who is to pay any deficiency; thus the tenant, in the event of a reletting, becomes relieved of his liability for rent and remains liable only for a deficiency, to be ascertained at the end of the original term of the lease (*Hermitage Co.* v. *Levine*, *supra*); until then, the tenant may recover no surplus and the landlord no deficiency.

The complaint is dismissed upon the ground that the action is premature and a verdict is hereby directed in favor of the defendant. Let judgment be entered accordingly; ten days' stay of execution and sixty days to make a case.