IRVING TRUST CO. et al. v. AMERICAN SILK MILLS, Inc.

No. 433.

Circuit Court of Appeals, Second Circuit.

July 23, 1934.

Henry I. Fillman, of New York City (Leonard Acker, of Brooklyn, N. Y., and Henry I. Fillman, of New York City, of counsel), for defendant-appellant.

Basil O'Connor, of New York City (Basil O'Connor, Arnold T. Koch, and Earle R. Koons, all of New York City, of counsel), for plaintiffs-appellees.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge (after stating the facts as above).

The court below granted a summary judgment for the plaintiffs on the pleadings and affidavits to the amount of the installments of rent due under the lease for the months of February to August, 1933, inclusive, aggregating $8,866.69, with interest amounting to $398.99, making, with costs, the sum of $9,293.77. The defendant has appealed on the ground that:

(1) The receivers were without authority to enforce the sixth clause of the lease and were not the successors in business of the landlord.

(2) The lease by its terms created no continuing liability on the part of the tenant where, as in this case, it was terminated by notice and not by re-entry.

(3) No action was maintainable under the lease until after the expiration of the original term on January 30, 1934.

(4) The lease was terminated on February 3, 1933, and from that date until June 15, 1933, when the premises were vacated, the defendant was liable only for use and occupation, and not for the rent reserved.

(5) Any claim of the plaintiffs for the period from February 3, to March 8, 1933, when they instituted the summary proceeding in the Municipal Court, was merged in the judgment obtained therein, and could not be asserted in the present action.

(6) The District Court was without power to grant summary judgment and deny the right of trial by jury where the allegation of the complaint that the plaintiffs had been unable to relet "after reasonable efforts made" was denied by the answer.

There is no substance in the contention that the receivers were without authority to enforce the sixth clause of the lease. The order appointing them empowered them to "institute * * * actions at law * * * for the recovery or protection or maintenance of any of the property and assets" of Garment Center Capitol, Inc., " * * * to let, sublet, contract for the use of, turn to account or otherwise dispose of * * * lofts and other * * * space in the buildings * * * leased, * * * all to the end that the business * * * may be continued, operated and managed as an entirety, according to the customary and usual manner of conducting similar business. * * * "

In view of these broad powers, we feel no doubt that the receivers had full authority to terminate the lease to the defendant and to institute an action to recover damages arising from a breach. While chancery receivers do not succeed to the title of corporate property, the receivers here had authority to institute actions on behalf of the corporation. But, in so doing, they were merely asserting its rights and could not properly do this in their own names, as might receivers in corporate dissolution and certain other statutory proceedings. All that is necessary in order to work out complete justice is to protect the defendant from the possibility of a subsequent claim by the corporation owning the cause of action and to substitute the latter for the receivers. The action has been begun and conducted by the persons authorized to institute and prosecute it, and the defendant has had all the opportunity to defend itself that it would have had if Garment Center Capitol, Inc., had been the plaintiff in name. Section 105 of the New York Civil Practice Act seems to justify a substitution of the corporation under such circumstances. It provides that:

"At any stage of any action, special proceeding or appeal, a mistake, omission, irregularity or defect may be corrected or supplied, as the case may be, in the discretion of the court, with or without terms, or, if a substantial right of any party shall not be thereby prejudiced, such mistake, omission, irregularity or defect must be disregarded."

The corporation may be substituted as plaintiff throughout the action, and the judgment, if otherwise valid, may be amended nunc pro tunc so as to stand in the name of Garment Center Capitol, Inc. In New York Evening Post v. Chaloner, 265 F. 204, 205, 213, we approved of substitution under similar circumstances, though the New York

Civil Practice Act had not then gone into effect.

The contention that the lease created no liability after the termination by notice, and that, in any event, no right of action would accrue until after the expiration of the original term, is without merit. The sixth clause plainly imposed a continuing liability on the tenant for deficiency in the event of the termination of the lease by notice. It provided that, in case of default, the term of the lease should expire and the rights of the tenant thereunder cease after two days' notice of termination should be served. It goes on to say that upon such termination the landlord should have the right to repossess "by * * * summary proceedings, * * * or otherwise, * * *" and that, if "the Landlord shall * * * repossess * * * the * * * premises, either by * * * summary proceedings * * * or otherwise, * * * then and in any of said events the Landlord shall have the right to relet said premises * * * as agent * * * or otherwise * * * and the Tenant shall pay to the Landlord all the * * * expenses in connection with reentering * * * by * * * process of law or otherwise, * * * together with the difference (as ascertained at the end of each calendar month during the residue of term as the same would have existed had no default been made) between the rents and sums hereby reserved and agreed to be paid by the Tenant during said month and those otherwise received on account of the rent * * * for such month."

After notice of termination of the lease, and on February 3, 1933, it became the duty of the tenant to vacate the premises at once, and it could not avoid paying damages by wrongfully remaining in possession. In the notice itself the landlord had in effect demanded possession of the property. For the tenant to withhold it for more than four months thereafter was a breach of covenant to quit and surrender the premises at the end of the term and subjected the tenant to payment of damages for unlawful occupancy. By the breach the landlord was prevented from re-entering the premises and attempting to sublet the same as agent for the tenant. Accordingly the latter is liable for what it would have had to pay had the landlord's rights not been interfered with. While the tenant would have been entitled to a credit for anything the landlord might have been able to realize from subletting the premises, it lost the right to any such credit by its own wrongful act in withholding possession. United States v. Peck, 102 U. S. 64, 65, 26

L. Ed. 46; Fleming v. Gilbert, 3 Johns. (N. Y.) 528, 531; In re Homann (C. C. A.) 45 F.(2d) 481; Lenco, Inc., v. Hirschfeld, 247 N. Y. 44, 159 N. E. 718; Hermitage Co. v. Levine, 248 N. Y. 333, 162 N. E. 97, 59 A. L. R. 1015; International Publications v. Matchabelli, 260 N. Y. 451, 184 N. E. 51.

The plaintiffs did not have to wait until the expiration of the original term of the lease to bring an action for damages. Clause sixth provides that the tenant shall pay the difference between the rent reserved and any sums received from reletting "as ascertained at the end of each calendar month." McCready v. Lindenborn, 172 N. Y. 400, 65 N. E. 208 is directly in point. See, also, In re Outfitters' Operating Realty Co., Inc. (C. C. A.) 69 F.(2d) 90. The clause in Hermitage Co. v. Levine, 248 N. Y. 333, 162 N. E. 97, 59 A. L. R. 1015, contained no provision for monthly adjustments.

The claim for damages for the period from February 3, 1933, to March 8, 1933, when plaintiffs began summary proceedings, was not merged in the judgment recovered in the Municipal Court. That judgment only covered the December and January rent, whereas the action here is to recover damages for breach of a covenant that survived the relation of landlord and tenant.

In view of the foregoing, there can be no doubt that the full amount of rent reserved in the lease for the months of February, March, April, May, and for that part of June during which the defendant occupied the premises was properly allowed. But the damages for the rest of June and for July and August are more doubtful. It is not necessary to discuss the power of the District Court to strike out sham defenses and order summary judgment accordingly. Summary judgments where sham defenses are interposed have long been granted in the United States courts and are warranted by the local practice in New York. Such judgments have been sustained by the New York Court of Appeals, and the statutes under which they are granted held constitutional. General Investment Co. v. Interborough R. T. Co., 235 N. Y. 133, 139 N. E. 216. The important question is whether the denial in the answer of the allegation of the complaint that the plaintiffs were unable to let the demised premises during the period from June 15 to August 31, inclusive, "after reasonable effort made," raised an issue of fact that required a jury trial. The moving affidavit of Jesse Woolf, one of the receivers, stated that "diligent efforts were made by the plaintiffs and that

292

they did not succeed in subletting the premises during the period." The allegation of the complaint is met only by the denial of "knowledge or information sufficient to form a belief," with no answering affidavits pertinent to this issue. Rule 113 of the New York Rules of Civil Practice provides that a summary judgment may be entered on motion upon the affidavits of a party, or of any other person having knowledge of the facts, setting forth "such evidentiary facts" as shall establish the cause of action sufficiently to entitle plaintiff to judgment, unless the defendant by affidavit or other proof shall show facts as may be deemed by the judge hearing the motion sufficient to entitle him to a trial of the issues. It would have been more conformable to the rule if Woolf's affidavit had stated just what efforts the receivers made to relet the premises; yet we are inclined to regard it as sufficient, as did the trial judge, where the defendant did not allude to the matter in its answering affidavits and interposed an answer which, though a traverse in form, has been criticised by the Court of Appeals as entitled to little weight on a motion for summary judgment. General Investment Co. v. Interborough R. T. Co., 235 N. Y. 133, 138, 139 N. E. 216.

The pleadings and judgment are amended so as to substitute Garment Center Capitol, Inc., as the plaintiff and the person entitled to recovery, and, as so amended, the judgment is affirmed.