354

DANIEL HINES, Appellant, *v.* DAVID BISGEIER and Another, Respondents.

First Department, May 3, 1935.

Robert Abelow of counsel [Martin H. Latner with him on the brief; Charles Liebling, attorney], for the appellant.

Samuel H. Sternberg of counsel [Louis P. Neustein with him on the brief; Samuel H. Sternberg, attorney], for the respondents.

UNTERMYER, J. The action is to recover damages for the breach by the defendants of a lease, dated June 11, 1931, for a term of twenty-one years, of an apartment house situated in the city of New York. The lease was made to the defendant Bisgeier, but pursuant to a provision contained therein it was thereafter assigned to Suada Corporation, organized for that purpose, which in connection with the assignment assumed performance of all the terms and conditions of the lease. The Suada Corporation having defaulted in the payment of rent and taxes, summary proceedings were instituted by the plaintiff, landlord, resulting in a final order and the issuance of a warrant, pursuant to which the corporation was removed from the premises on September 9, 1932.

We agree with the trial court in its disposition of the questions presented for decision, except that we are of opinion that even though the term of the lease has not expired, the plaintiff may maintain the action to recover any deficiency between the rent reserved and the proceeds of reletting from the date of the issuance of the warrant in the summary proceedings to the time of the commencement of the action. Paragraph eighth of the lease provides that if the tenant is dispossessed by summary proceedings, the landlord, at his option, " may relet the said premises as the agent of the said tenant and receive the rent thereof, applying the same, first to the payment of such expenses as he may be put to in re-entering, and then to the payment of the rent due by these presents; the balance (if any) to be paid over to the tenant who shall remain liable for any deficiency." The trial court in dismissing the complaint as premature held that under the decision in Hermitage Co. v. Levine (248 N. Y. 333) no action for a deficiency was maintainable after re-entry by summary proceedings until the expiration of the term. The provisions of the lease, however, which were the subject of consideration in Hermitage Co. v. Levine (supra; see p. 336) were very different from the provisions here. The effect of paragraph eighth of this lease is to provide that if the landlord shall exercise his option to relet the premises for the account of the tenant, the proceeds of reletting shall be applied " to the pay-

ment of the rent due by these presents " notwithstanding summary proceedings, which, of course, " cancels the agreement for the use of the premises." (Civ. Prac. Act, § 1434.) Since " the rent due by these presents " was a monthly rent, it seems necessarily to follow that the lease contemplates an adjustment between the parties, month by month, in which any proceeds of reletting shall be offset against the rent reserved, the tenant receiving monthly any surplus and remaining liable monthly for any deficiency. It is true that what survived the summary proceedings was a claim for damages and not for " rent " (*Kottler* v. *New York Bargain House, Inc.*, 242 N. Y. 28), but that inaccuracy does not obscure the intention of the parties nor deprive the landlord of the right to recover the equivalent of rent by way of damages. " Whether the moneys to be paid subsequently to eviction should be termed ' rents ' or not is immaterial." (*International Publications* v. *Matchabelli*, 260 N. Y. 451.)

There is no substantial distinction between the provisions of paragraph eighth and the lease in *International Publications* v. *Matchabelli* (*supra*), where it was provided that re-entry by summary proceedings " shall not be deemed to have absolved or discharged the tenant from any liability hereunder." The provision there which continued " liability hereunder " is the equivalent of the provision here for the payment of the rent " due by these presents " after summary proceedings and both, we think, should receive the same interpretation. Nor are we able to distinguish the provisions of paragraph eighth from the lease in *Mann* v. *Munch Brewery* (225 N. Y. 189), where it was provided that after summary proceedings the tenant " shall nevertheless continue liable for the payment of the rent." In *Darmstadt* v. *Knickerbocker Chandelier & El. S. Co.* (188 App. Div. 129), likewise, a provision identical with paragraph eighth of the lease was held by this court to entitle the landlord to maintain an action for a deficiency incurred before the expiration of the term.

The judgment should, therefore, be reversed and a new trial ordered to determine the deficiency between the rent reserved and the amount received as the proceeds of reletting to the time of the commencement of the action, with costs to the appellant to abide the event.

MARTIN, P. J., MERRELL, TOWNLEY and GLENNON, JJ., concur.

Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.