The court then proceeded to determine the case on the merits and granted judgment that the defendant was not the father of the child and discharged him, and dismissed the proceeding. Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, modified by striking out the part thereof that adjudges the defendant not to be the father of the child and by providing that the proceeding be dismissed without prejudice. As so modified, the judgment is unanimously affirmed. Present — Hagarty, Carswell, Davis, Johnston and Adel, JJ.

Curov Realty Corporation, Appellant, v. Elwood Powell, Respondent.— Action to recover $1,750 damages, an amount equal to ten months' rent under a written lease. Judgment of the County Court of Suffolk county in favor of defendant, entered upon the verdict of a jury, reversed on the law, with costs, and judgment directed in favor of the plaintiff against the defendant dismissing the counterclaim on the merits and for $175, and interest thereon from October 1, 1934, with costs. Notwithstanding the presence in the complaint of certain surplus allegations, that pleading is sufficient to permit the recovery of $175, being the month's rent falling due to the plaintiff from the defendant, under the lease, on October 1, 1934. The cause of action alleged, properly read, is not to recover damages for breach of the lease caused by the defendant's conduct resulting in the revocation of the liquor tax certificate, which damages it is not entitled to recover. (*Hermitage Co.* v. *Levine*, 248 N. Y. 333.) The doctrine of anticipatory breach of contract does not apply herein. (See *Ga Nun* v. *Palmer*, 202 N. Y. 483, 493, and cases cited.) Disregarding such surplus allegations, a valid recovery of the said month's rent may be had. At the close of the case there was no proof to sustain the counterclaim to recover the amount of $500 for the security deposited with plaintiff's assignor by defendant; nor was there any proof tending to sustain the defense of surrender and acceptance. Defendant actually occupied the demised premises until October 12, 1934, when he vacated them. Young, Carswell, Davis, Adel and Taylor, JJ., concur.

Feldman News Company, Inc., Respondent, v. Peekskill National Bank and Trust Company, Appellant. (Appeal No. 1.) — Order denying defendant's motion to bring in additional parties defendant, with the right to serve upon them a supplemental summons and pleading alleging the claim of the defendant upon said parties, affirmed, with ten dollars costs and disbursements, with leave to defendant-appellant to answer within twenty days from the entry of the order herein. No opinion. Young, Carswell, Davis, Adel and Taylor, JJ., concur.

Feldman News Company, Inc., Respondent, v. Peekskill National Bank and Trust Company, Appellant. (Appeal No. 2.) — Order denying defendant's motion to direct plaintiff separately to state and number the causes of action of the complaint affirmed, with ten dollars costs and disbursements. No opinion. Young, Carswell, Davis, Adel and Taylor, JJ., concur.

Marjorie Gillen, Appellant, v. Samuel Schwartz, Respondent.— In an action for damages for alleged alienation of affections, order denying plaintiff's motion to open her default affirmed, with ten dollars costs and disbursements. Appeal from order denying motion for reargument dismissed. No opinion. Lazansky, P. J., Hagarty, Davis, Johnston and Adel, JJ., concur.

Leon H. Goldman, Appellant, v. Keystone Bloomer Co., Inc., Respondent. — In an action by a salesman to recover an amount alleged to be due under a