AARON MORRIS and GEORGE STAMPER, as Assignees of NELLIE FLYNN, Individually and as Executrix of BERNARD FLYNN, Deceased, Respondents, v. HERMAN COHEN, Appellant.— In an action to recover damages for breach of covenants of a lease, order of the Appellate Term affirming two orders of the City Court of the City of New York, County of Kings, (1) denying defendant's motion for summary judgment and (2) granting plaintiffs' motion for summary judgment, and the judgment entered in accordance with the latter order, affirmed, with costs. Plaintiffs' right to the remedy afforded pursuant to the 22d paragraph of the lease is clear and undisputed. The contention that the cause of action as pleaded ignores this remedy and, instead, seeks the unavailable remedy provided in the 8th paragraph of the lease cannot be upheld. In the motion seeking summary judgment plaintiffs invoked the 22d paragraph of the lease, and the sum due is alleged in the complaint in accordance with the measure of damages set forth in that paragraph. The characterization in the complaint and in the moving affidavit of the reletting and the allegation that the landlord did so as agent for or on behalf of the defendant does not impair the remedy afforded under the 22d paragraph. The reletting was in fact on behalf of the defendant in that it tended to reduce damages. Even had the lease provided that in reletting the landlord would act as agent of the tenant, the reletting would have been that of the landlord and not of the agent, where the provision contemplated damages upon termination of the lease. (Hermitage Co. v. Levine, 248 N. Y. 333, 337.) Hagarty, Carswell, Johnston and Adel, JJ., concur; Lazansky, P. J., concurs for affirmance of the order of the Appellate Term in so far as it affirms the order of the City Court denying defendant's motion for summary judgment; but dissents from affirmance of the order in so far as it affirms the order of the City Court granting plaintiffs' motion for summary judgment and the judgment entered thereon; and votes to reverse the order of the Appellate Term in so far as it affirms the order of the City Court granting plaintiffs' motion for summary judgment and the judgment entered thereon; votes to reverse said order of the City Court and the judgment entered thereon, and to deny said motion for summary judgment on the ground that there should be a trial, at which the exact nature of the re-entry of the landlord may be determined.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES CENETEMPO, True Name CHARLES CENATEMPO, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn [County of Kings], convicting defendant of the crime of assault in the third degree, unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.