Markowitz, J.
(dissenting). In my judgment, both motions for summary judgment should have been denied.
Defendant, tenant under certain leases of real property, assigned the leases, with plaintiff’s consent, for the balances of the terms of the leases. The assignments provided that defendant assignor would continue to be fully responsible jointly and severally with the assignee ‘ ‘ for the performance of all of the terms, covenants and conditions of the Assignee as Tenant under the said leases ”.
In May, 1969, the assignees defaulted in the payment of rent and landlord commenced summary proceedings, to which defendant was not a party, resulting in a final judgment awarding possession to plaintiff. Warrants were issued and the Marshal placed plaintiff in possession on July 8, 1969.
The rent for May and June was paid, and defendant paid the amount of the July rent. The action is for the “ rent ” claimed to have become due on August 1,1969.
The affidavit in support of the motion for summary judgment is devoid of proof of efforts to relet the. premises after the assignees of the leases moved out. Defendant’s opposing affidavit shows that by letter dated July 16, 1969 defendant sought to move back into the premises and asked for the keys. Plaintiff refused this request although defendant advised plaintiff that defendant ‘ ‘ really needed and wanted the demised premises because * * * [defendant] was paying public warehousing for space which * * * [defendant] direly needed ”. Plaintiff nevertheless reiterated that “under no circumstances” would it permit defendant to enter the premises. Nowhere is this denied by plaintiff.
*918 The term of the leases ended with the issuance of the warrant in the summary proceedings. Thereafter, the liability of defendant was not to pay rent — it was to make good the landlord’s loss; to pay any deficiency in rent collection suffered by the landlord (Hermitage Co. v. Levine, 248 N. Y. 333, 337; Lenco, Inc. v. Hirschfeld, 247 N. Y. 44, 49-50; Kottler v. New York Bargain House, 242 N. Y. 28, 33; Hines v. Bisgeier, 244 App. Div. 354; 45 E. 57th Street v. Millar, 214 App. Div. 189).
Indeed, paragraph 18 of the leases spells out this obligation — tenant shall pay landlord “ any deficiency between the rent hereby reserved and/or covenanted to be paid and the net amount, if any, of the rents collected on account of the lease * * * for each month of the period which would otherwise have constituted the balance of the term of this lease ”.
To put it differently, plaintiff is not entitled automatically to recover the amount of the rent reserved. It may recover only its damages. In computing these damages, it must show that it has taken all steps possible to mitigate damages.
Illustrative is 812 Park Ave. Corp. v. Pescara (268 App. Div. 436, affd. 294 N. Y. 792; s.c. 267 App. Div. 817). On the first appeal (267 App. Div. 817), the Appellate Division affirmed an order denying plaintiff’s motion for summary judgment “ Because we found issues of fact which required trial ” (268 App. Div. 436, 439). On the second appeal, the court observed (p. 439): “ The present record shows that after the termination of the dispossess proceedings, the landlord diligently endeavored to relet the premises, but was unable to do so. Defendant does not now dispute these contentions. The earlier record had no statements concerning any efforts to relet. Part of the sum claimed by plaintiff is represented by attorney’s fees in the amount of $700, which plaintiff says it incurred in the dispossess proceedings and in negotiations endeavoring to bring about the termination of the tenant’s noise-making. The present record does not appear to dispute the payment of this sum, or the reasonableness of the amount expended. The record in the earlier appeal showed that defendant did question the reasonableness of this charge ” (emphasis supplied). The court in that case granted plaintiff summary judgment only by reason of the additional proof.
The record before us makes no such showing — to the contrary, as indicated above.
I take note of the sentence in printed paragraph 18 of the leases that the “ failure or refusal of landlord to re-let the premises or *919 any part or parts thereof shall not release or affect tenant’s liability for damages ’ ’. If this means that the landlord need not diligently endeavor to relet the premises, the sentence would make paragraph 18 inoperable as a penalty (Lenco, Inc. v. Hirschfeld, 247 N. Y. 44, 51, supra; Seidlitz v. Auerbach, 230 N. Y. 167; 884 West End Ave. Corp. v. Pearlman, 201 App. Div. 12, affd. 234 N. Y. 589).
The situation is not changed by the sentence near the end of paragraph 18 that landlord will not be liable for failure to relet the premises or, in the event the premises are relet, for failure to collect the rent under such reletting. Reasonably read, this sentence means that if the landlord’s good faith efforts to relet or to collect rent under a reletting fail, the tenant is not entitled to a setoff. Included in a printed form used by plaintiff when preparing the lease, the sentence must be read strictly against plaintiff.
Cases such as Becar v. Flues (64 N. Y. 518); Sancourt Realty Corp. v. Dowling (220 App. Div. 660) and Gray v. Kaufman Dairy & Ice Cream Co. (9 App. Div. 115), are not applicable here. In these cases, the term of the lease had not expired (cf. Matter of Hevenor, 144 N. Y. 271). In the case at bar, the term demised expired with the execution of the warrant of eviction and plaintiff’s re-entry — although the lease itself, and liability thereunder, remained alive.
It is at least debatable whether plaintiff mitigated its damages, as it was required to do. Firstly, as stated, there is no showing by plaintiff that it made any effort to mitigate damages. Secondly, if there was no good reason why defendant should not be accepted as a tenant — and plaintiff had accepted defendant as such in two prior leases — plaintiff affirmatively violated its obligation to mitigate damages.
Moreover, in view of the foregoing, the damages were unliquidated, not liquidated (Lenco, Inc. v. Hirschfeld, 247 N. Y. 44, 50, supra; Hermitage Co. v. Levine, 248 N. Y. 333, 337, supra; 812 Park Ave. Corp. v. Pescara, 268 App. Div. 436, 441, affd. 294 N. Y. 792). So that, at least, an assessment of the damages was required.
Finally, the facts presented by the record indicate that plaintiff may not be entitled to recover any damages; and that, at best, it would be entitled to an assessment of its damages, which would encompass substantially the same proof as on a trial. ‘ ‘ Where the proof on the assessment would involve the same evidence as the proof on the trial, no purpose is served by a resort to summary judgment” (Williamson v. Ditmars Theatre, 30 A D 2d 785, 786).
*920 I therefore dissent and vote to reverse the judgment and to deny both motions for summary judgment.
Streit and Quinn, JJ., concur in Per Curiam opinion; separate memorandum by Quinn, J.; Markowitz, J., dissents in memorandum.
Judgment affirmed, etc.