■ P.W.B. ENTERPRISES, INC., Respondent, v MOKLAM ENTERPRISES, INC., Appellant, et al., Defendants. [633 NYS2d 159] —Order, Supreme Court, New York County (Angela Mazzarelli, J.), entered on or about August 12, 1994, which, insofar as appealed from, granted plaintiff tenant's motion for partial summary judgment on the issue of liability as to its second and fourth causes of action against defendant-appellant landlord for trespass and negligence, unanimously affirmed, with costs.

A party, or one in privity with a party, is collaterally estopped from relitigating an issue identical to one that was necessarily decided against it in a prior action provided there was a full and fair opportunity to contest the prior determination (*D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664). Defendant was clearly accorded a full and fair opportunity in the Civil Court nonpayment proceeding it had brought against plaintiff to challenge plaintiff's defense therein of a partial constructive eviction (*see, Minjak Co. v Randolph*, 140 AD2d 245, 248). However, the Civil Court found, and the Appellate Term affirmed, that defendant was aware of the renovations that had been undertaken in the building, permitted the work to continue and was, consequently, responsible for the attendant damage that was caused to the premises rented by plaintiff and deprived it of the use of a portion of the space. Furthermore, the Civil Court, deeming defendant's witnesses to be lacking in credibility, was entirely unconvinced by its claim of lack of notice. The finding of a partial constructive eviction renders defendant liable in damages for trespass and negligence. Wrongful eviction is a trespass (*Long Is. Airports*

*Limousine Serv. Corp. v Northwest Airlines*, 124 AD2d 711, 714), and the question of defendant's intent was fully litigated in the nonpayment proceeding. So too were all the elements of a cause of action for negligence—"(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof" (*Akins v Glens Falls City School Dist.*, 53 NY2d 325, 333). Concur—Sullivan, J. P., Ellerin, Wallach, Asch and Tom, JJ.