■ H.K.D. SEAFOOD INCORPORATED, Respondent, v 25 NORTH MOORE ASSOCIATES, L. L. C., et al., Appellants, et al., Defendant. (And a Third-Party Action.) [707 NYS2d 83] —Order, Supreme Court, New York County (Edward Lehner, J.), entered January 21, 1999, which, in an action by plaintiff commercial tenant against, among others, defendants-appellants landlord and managing agent for damages sustained as a result of a constructive eviction, granted plaintiff's motion for partial summary judgment against appellants on the issue of liability, unanimously affirmed, with costs.

Appellants were accorded a full and fair opportunity in the Civil Court holdover proceeding appellant landlord had commenced against plaintiff to litigate the issue of whether plaintiff had been constructively evicted when it was deprived of the refrigerated space that was part of the leased premises. Accordingly, appellants are collaterally estopped from asserting otherwise in this action (*see, P.W.B. Enters. v Moklam Enters.*, 221 AD2d 184). As the Civil Court held, even if appellants did not themselves own the compressor that maintained the refrigeration and did not themselves cause the compressor to be removed from the premises, they certainly were aware that the compressor was being removed, and took no steps to restore refrigeration (*see, supra*). We have considered appellants' other contentions and find them unavailing. Concur—Williams, J. P., Mazzarelli, Rubin, Buckley and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ANGLADA, Appellant. [708 NYS2d 279] —Judgment, Supreme Court, New York County (Rena Uviller, J.), rendered December 9, 1998, convicting defendant, upon his plea of guilty, of attempted robbery in the first degree, and sentencing him to a term of 2$\frac{1}{4}$ to 4$\frac{1}{2}$ years, unanimously affirmed.

We find that Supreme Court properly denied youthful offender treatment. Concur—Williams, J. P., Mazzarelli, Rubin, Buckley and Friedman, JJ.