■ EXPRESS INDUSTRIES GROUP, INC., Appellant, v CITY OF NEW YORK, Respondent. [772 NYS2d 54]—

Order and judgment (one paper), Supreme Court, New York County (Faviola Soto, J.), entered February 25, 2003, which, in an action for, inter alia, wrongful eviction and treble damages for forcible dispossession under RPAPL 853, arising out of plaintiff's leasing of a pier from defendant City, granted the City's motion for summary judgment dismissing the supplemental complaint, unanimously affirmed, without costs.

We reject plaintiff's claim that the pier was safe and that the vacate order issued by the City was a pretext to avoid the previously issued *Yellowstone* injunction designed to assure plaintiff's possession of the pier pending the action. The City's determination to issue the vacate order was rationally based on the report of its engineer that the pier was in danger of collapse and posed an immediate threat to public safety (*see East 13th St. Homesteaders' Coalition v Wright*, 217 AD2d 31, 39 [1995]). While any conflicting expert opinion would not avail plaintiff (*see Matter of Cohen v State of New York*, 2 AD3d 522, 525 [2003]), even plaintiff's contractor found continued deterioration of the pier and recommended that stored materials be moved away from some areas of floor, and its engineer did not make a complete inspection of the substructure. Nor does it avail plaintiff to argue that if the vacate order was warranted, the pier's unsafe condition was the result of the City's previously adjudicated breach of lease to perform initial substructure repairs, and that such breach should therefore be deemed either a constructive eviction or the unlawful means of effecting a wrongful eviction. As stated in the decision underlying the prior judgment, which dismissed plaintiff's cause of action for constructive eviction while awarding plaintiff an offset against rent arrears for breach of lease, there was no eviction since plaintiff did not abandon the pier but chose instead to repair it (citing, inter alia, *West Broadway Glass Co. v I.T.M. Bar*, 245 AD2d 232 [1997]). Plaintiff cannot base a new cause of action on further deterioration of the pier when its contractor presumably did whatever work was required of the City. We have considered plaintiff's other arguments and find them unavailing. Concur—Nardelli, J.P., Saxe, Lerner and Marlow, JJ.