THE GALLERY AT FULTON STREET, LLC, Appellant-Respondent, v WENDNEW LLC et al., Respondents-Appellants. [817 NYS2d 237]—

Judgment, Supreme Court, New York County (Leland De-Grasse, J.), entered April 19, 2005, awarding plaintiff the principal sum of $100,000, unanimously modified, on the law, the Special Referee's report confirmed with respect to his recommendation for an increased damage award of $514,039.97 for rent arrears from August 2001 through April 2004, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered March 22, 2005, which remitted the matter to the Special Referee for recalculation of damages, unanimously dismissed, without costs.

The court properly ruled that defendants, in this action for breach of a commercial lease, were estopped from raising the defense of constructive eviction after they were given the opportunity to litigate this claim in the prior summary proceeding, but failed to do so (*see H.K.D. Seafood v 25 N. Moore Assoc.*, 271 AD2d 351 [2000]; *P.W.B. Enters. v Moklam Enters.*, 221 AD2d 184 [1995]). In any event, in order to assert a defense of constructive eviction, the tenant must abandon the premises (*Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d 77, 82-83 [1970]; *Express Indus. Group v City of New York*, 4 AD3d 197 [2004]; *West Broadway Glass Co. v I.T.M. Bar*, 245 AD2d 232 [1997]). The prior summary proceeding, wherein plaintiff's petition for possession was granted, necessarily decided that

defendants remained in possession and plaintiff had properly terminated the lease. A default judgment in a summary proceeding for nonpayment of rent is conclusive between the parties as to any facts alleged in the petition or affidavit that are required to be alleged as a basis for the proceeding (*see Henry Modell & Co. v Minister, Elders & Deacons of Ref. Prot. Dutch Church of City of N.Y.*, 68 NY2d 456, 461 [1986]). Defendants' continued possession was such a fact, and negates their constructive eviction defense.

However, the court improperly held that the referee must calculate plaintiff's damages pursuant to section 23.2 (b) (iii) of the lease. This provision permitted, but did not require, the landlord to accelerate future rents under the lease, using a formula essentially based on rent that should have been collected under the lease, minus the "rental value" of the property, discounted to present value. Plaintiff did not seek immediate payment of future rents under this provision, but sought payment of already accrued arrears under the other provisions of the lease, such as section 23.2 (a) (iv) and (b) (ii). All remedies under the lease for tenant's breach are in addition to, and not exclusive of, other remedies. That plaintiff terminated the lease upon defendants' breach does not render plaintiff's claims enforceable only under section 23.2 (b), which clearly states that those remedies were "in addition to" the landlord's other remedies. Moreover, although the termination ends the landlord-tenant relationship, the parties clearly contracted to make the defaulting tenant liable for rent after such termination (*cf. Holy Props. v Cole Prods.*, 87 NY2d 130, 134 [1995] ["Although an eviction terminates the landlord-tenant relationship, the parties to a lease are not foreclosed from contracting as they please. If the lease provides that the tenant shall be liable for rent after eviction, the provision is enforceable" (citations omitted)]; *International Publs. v Matchabelli*, 260 NY 451, 453-454 [1933]).

As the only argument—that plaintiff is limited in damages to section 23.2 (b) (iii) of the lease—is rejected, and there is no contention that the Special Referee did not properly calculate the accrued damages from lost rent between August 1, 2001 and April 30, 2004, the court should have confirmed this aspect of the Special Referee's report. Concur—Mazzarelli, J.P., Andrias, Nardelli, Gonzalez and Malone, JJ.