■ WEST FLATT ASSOCIATES, Appellant, v CHRISTOPHER A. MAGGIULLI et al., Respondents. [886 NYS2d 300]—

Appeal from an order of the Supreme Court, Monroe County (Frank P. Geraci, Jr., A.J.), entered July 22, 2008 in a breach of contract action. The order granted defendants' motion seeking dismissal of the complaint and partial summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff landlord commenced this action seeking damages for the alleged breach of a commercial lease by defendant tenants. Supreme Court properly granted defendants' motion seeking dismissal of the complaint pursuant to CPLR 3211 as well as partial summary judgment pursuant to 3212 (g) to the extent that the complaint seeks recovery of "rent, common area maintenance, utilities and/or taxes subsequent to May 8, 2007." The lease provided that, in the event of defendants' breach, plaintiff could "on five (5) days notice[ ] terminate [the] lease and the term thereof shall automatically cease and terminate at the expiration of such five (5) day period as if said date were set forth in this lease as the termination date." Plaintiff exercised that option, and the lease was thereby amended to terminate on May 8, 2007. Defendants may be held liable for rent and associated fees for the period subsequent to the termination date of the lease only in the event that "the parties clearly contracted to make the defaulting tenant[s] liable [therefor] after such termination" (*Gallery at Fulton St., LLC v Wendnew LLC*, 30 AD3d 221, 222 [2006]; *see generally Holy Props. v Cole Prods.*, 87 NY2d 130, 134 [1995]). The parties did not so contract in this case and, thus, "what survives after the termination of [the] lease is not a liability for rents [and associated fees], but a liability for damages" (*Benderson v Poss*, 142 AD2d 937, 938 [1988]). Present—Scudder, P.J., Smith, Carni, Pine and Gorski, JJ.