■ Patchogue Associates, Appellant, v Sears, Roebuck and Co., Respondent. [969 NYS2d 523]—

In an action to recover damages for breach of a commercial lease and for a judgment declaring, inter alia, that the defendant breached the lease, the plaintiff appeals from an order of the Supreme Court, Nassau County (Winslow, J.), entered September 1, 2011, which granted the defendant's motion for summary judgment dismissing the first cause of action to the extent that it seeks posttermination damages under the subject lease, and declaring that the defendant had no liability to the plaintiff for breach of contract.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment is denied.

In this action, inter alia, to recover damages for the breach of a commercial lease, the defendant (hereinafter the tenant) moved for summary judgment dismissing the first cause of action to the extent that it seeks damages allegedly sustained by the plaintiff (hereinafter the landlord) after the termination of the parties' landlord-tenant relationship, which occurred before the end of the lease term, and for a judgment declaring that it had no liability to the landlord for breach of contract. The Supreme Court agreed with the tenant that a landlord may not recover such claimed post-termination damages in the absence of a lease provision that specifically makes a tenant responsible for the payment of rent to the landlord after the landlord-tenant relationship ends. Accordingly, the Supreme Court granted the tenant's motion.

However, contrary to the Supreme Court's holding, the tenant failed to make a prima facie showing of entitlement to judgment as a matter of law on the issue of the tenant's post-termination liability for breach of the lease. "[T]he parties to a lease are not foreclosed from contracting as they please" (*Holy Props. v Cole Prods.*, 87 NY2d 130, 134 [1995]; *see International Publs. v Matchabelli*, 260 NY 451, 454 [1933]; *Mann v Munch Brewery*, 225 NY 189, 194 [1919]; *Hall v Gould*, 13 NY 127, 133-134 [1855]; *Gallery at Fulton St., LLC v Wendnew LLC*, 30 AD3d 221, 222 [2006]), and, as the tenant correctly contends, the parties here could have included a survival-of-rent clause or an acceleration clause in the subject lease that would have made the tenant liable for the payment of posttermination rent without imposing any duty on the landlord to mitigate its damages resulting from the tenant's breach (*see e.g. Fifty States Mgt. Corp. v Pioneer Auto Parks*, 46 NY2d 573, 578 [1979]; *Fisk Bldg. Assoc. LLC v Shimazaki II, Inc.*, 76 AD3d 468, 469 [2010]; *30 Broadway, LLC v Grand Cent. Dental, LLP*, 96 AD3d 934, 935 [2012]). Nonetheless, despite the tenant's contentions to the contrary, the absence of such a provision in the subject lease does not foreclose a landlord from seeking, after mitigation, its actual contract damages resulting from the breach, as does the landlord here (*see Holy Props. v Cole Prods.*, 87 NY2d at 134; *West Flatt Assoc. v Maggiulli*, 66 AD3d 1450, 1451 [2009]; *Ross Realty v V & A Fabricators, Inc.*, 42 AD3d 246, 249 [2007]; *Hines v Bisgeier*, 244 App Div 354, 355 [1935]).

Moreover, the subject lease clearly provided that, if the tenant breached the lease, the landlord's exercise of any remedy available to it under the lease would not divest it of the right to

exercise any other rights or remedies that it might have pursuant to the lease or under the law. Thus, despite the tenant's contentions to the contrary, although the landlord has already recovered pre-termination rent from the tenant pursuant to a summary eviction proceeding, the terms of the lease did not limit the landlord to recovery only of pretermination rent in the event it commenced a summary eviction proceeding in the District Court to regain possession of the subject premises (*see Gallery at Fulton St., LLC v Wendnew LLC*, 30 AD3d at 222). Mastro, J.P., Dillon, Dickerson and Austin, JJ., concur. ■