Marie France Realty Corp., Petitioner-Landlord-Respondent, 
against
325 East 14th Street Corporation, Respondent-Tenant-Appellant, and "ABC Corp." and "XYZ" Corp., Respondents-Undertenants.




Tenant appeals from a final judgment of the Civil Court of the City of New York, New York County (Judy H. Kim, J.), entered September 17, 2019, which, upon a prior order denying its motion to dismiss the petition and granting landlord's cross motion for summary judgment, awarded possession to landlord and set the matter down for a hearing to determine the amount of reasonable attorneys' fees owed landlord in a holdover summary proceeding.




Per Curiam.
Final judgment (Judy H. Kim, J.), entered September 17, 2019, affirmed, with $25 costs.
Summary judgment of possession was properly awarded to landlord on its holdover petition. In a prior action involving the parties, Supreme Court determined, after a nonjury trial, that the commercial tenant breached the lease by making extensive alterations to the demised premises without consent of landlord and without Department of Buildings permits, and that tenant did not comply with Supreme Court's directive to cure violations of DOB regulations "that landlord could not legally waive." Since tenant had a full and fair opportunity to litigate the breach of lease issues in Supreme Court, that determination is conclusive as to tenant's breaches of the lease, and tenant is collaterally estopped from relitigating those issues in the instant holdover proceeding (see P.W.B. Enters. v Moklam Enters., 221 AD2d 184 [1995]).
Civil Court also properly rejected the defenses raised by tenant. The 30-day notice of cancellation used by landlord in connection with the prior (May 2019) holdover proceeding against tenant was sufficient to serve as a predicate for the instant holdover proceeding brought on the same grounds in June 2019, where the new proceeding was commenced the next business day after the initial proceeding was dismissed, and where tenant was caused no discernible [*2]prejudice (see Great Location NY, Inc. v Seventh Ave. Fine Foods, Inc., 46 Misc 3d 150[A], 2015 NY Slip Op 50267[U] [App Term, 1st Dept 2015]; see generally Arol Dev. Corp. v Goodie Brand Packing Corp., 84 Misc 2d 493, 495-496 [App Term, 1st Dept 1975], affd 52 AD2d 538 [1976], appeal dismissed 39 NY2d 1057 [1976]; see also Hudson Waterfront Assoc. IV, L.P. v MTP 59 St. LLC, 8 Misc 3d 136[A], 2005 NY Slip Op 51222[U] [App Term, 1st Dept 2005]).
The petition accurately described the premises sought to be recovered (see RPAPL 741[3]; Beck, Mack & Oliver, LLC v Armstrong Capital, LLC, 41 Misc 3d 127[A], 2013 NY Slip Op 51661[U] [App Term, 1st Dept 2013]; Kit Ming Corp. v Tsang, 2001 NY Slip Op 40305[U] [App Term, 1st Dept 2001]). The premises were identified as the existing "'Ground Floor' Restaurant" as well as the "basement storage area" and matched the exact designation of the demised premises in the parties' commercial lease.
Nor was tenant entitled to a traverse hearing, since it waived its defense of lack of personal jurisdiction by failing to raise it in its CPLR 3211 motion (see Addesso v Shemtob, 70 NY2d 689 [1987]; Remora Capital S.A. v Dukan, 175 AD3d 1219, 1221 [2019]). "[O]bjections of personal or rem jurisdiction ... are deemed so fundamental that wasting the court's time on a 3211 motion based on other subdivision (a) objections without including these jurisdictional objections waives them" (Montcalm Publ. Corp. v Pustorino, 125 AD2d 188, 188-189 [1986], quoting Siegel, NY Prac § 274).
We have examined tenant's remaining contentions and find them to be without merit.
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: May 4, 2020