Lautman v 2800 Coyle St. Owners Corp. (2024 NY Slip Op 00068)

Lautman v 2800 Coyle St. Owners Corp.

2024 NY Slip Op 00068

Decided on January 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2020-06137
 (Index No. 401/19)

[*1]Leonid Lautman, appellant, 
v
2800 Coyle St. Owners Corp., et al., respondents, et al., defendant.

Leonid Lautman, Staten Island, NY, appellant pro se.
Boyd Richards Parker & Colonnelli, P.L., New York, NY (David S. Kasdan and Elissa Rossi of counsel), for respondents 2800 Coyle St. Owners Corp., Board of Directors of the 2800 Coyle St. Owners Corp., and Dependable Property Management, Inc.
Sauchik & Giyaur, P.C., New York, NY (Alec Sauchik of counsel), respondent pro se.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 16, 2020. The order granted that branch of the motion of the defendants 2800 Coyle Street Owners Corp., Board of Directors of the 2800 Coyle St. Owners Corp., and Dependable Property Management, Inc., which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them and the separate motion of the defendant Sauchik & Giyaur, P.C., pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, and denied the plaintiff's cross-motion, inter alia, for leave to enter a default judgment against the defendants.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff is the former proprietary lessee of a cooperative apartment located in Brooklyn. He owned shares of stock in the defendant 2800 Coyle St. Owners Corp. (hereinafter the co-op), the cooperative corporation that owns the building where the subject apartment is located. In 2012, the co-op commenced a nonpayment proceeding in the Civil Court of the City of New York against the plaintiff. In September 2013, a default judgment of possession was entered against the plaintiff. Thereafter, the plaintiff's shares were sold at auction, and he was evicted from the apartment.
In 2019, the plaintiff commenced this action against the co-op, the Board of Directors of the co-op, Dependable Property Management, Inc. (hereinafter collectively the co-op defendants), and Sauchik & Giyaur, P.C. (hereinafter Sauchik), the law firm that represented the co-op in the nonpayment proceeding. The co-op defendants moved, inter alia, pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the complaint insofar as asserted against them. Sauchik separately moved pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint insofar as asserted against it. The [*2]plaintiff cross-moved, among other things, for leave to enter a default judgment against the defendants based upon their alleged failure to timely answer or move to dismiss the complaint. In an order dated June 16, 2020, the Supreme Court granted that branch of the co-op defendants' motion, granted Sauchik's separate motion, and denied the plaintiff's cross-motion. The plaintiff appeals. We affirm.
"A defendant who moves to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to sue has expired" (Plaza Invs. v Capital One Fin. Corp., 165 AD3d 853, 854). The burden then shifts to the nonmoving party to raise a question of fact as to the applicability of an exception to the statute of limitations, as to whether the statute of limitations was tolled, or as to whether the action was actually commenced within the applicable limitations period (see id. at 854).
Here, in their respective moving submissions, the co-op defendants and Sauchik demonstrated, prima facie, that the first, second, third, fourth, sixth, seven, eighth, ninth, and twelfth causes of action insofar as asserted against each of them were time-barred (see Chao v Westchester Med. Ctr. Advanced Physicians Servs., P.C., 131 AD3d 1130). In opposition, the plaintiff failed to raise a question of issue of fact (see Heritage Hills Socy., Ltd. v Heritage Dev. Group, Inc., 56 AD3d 426, 426-427). Contrary to the plaintiff's contention, the application of the savings provision of CPLR 205(a), raised for the first time on appeal, "does not involve a pure question of law that appears on the face of the record and could not have been avoided if brought to the Supreme Court's attention" (U.S. Bank N.A. v Doura, 204 AD3d 721, 723).
The Supreme Court properly granted dismissal of the fifth and tenth causes of action, alleging breach of contract and, in effect, fraud against the co-op. "A default judgment in a summary proceeding for nonpayment of rent is conclusive between the parties as to any facts alleged in the petition or affidavit that are required to be alleged as a basis for the proceeding" (Gallery at Fulton St., LLC v Wendnew LLC, 30 AD3d 221, 222). Because the allegations raised in the fifth and tenth causes of action were necessarily decided in the prior nonpayment proceeding, the court properly granted those branches of the co-op defendants' motion which were to dismiss those causes of action against the co-op.
Finally, the Supreme Court properly granted that branch of Sauchik's motion which was to dismiss the eleventh cause of action, alleging violations of Judiciary Law § 487 against it, as the complaint does not allege that the "allegedly deceitful conduct proximately caused [the plaintiff's] damages" (New York Tile Wholesale Corp. v Thomas Fatato Realty Corp., 153 AD3d 1351, 1353).
The plaintiff's remaining contention is without merit.
DUFFY, J.P., FORD, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court