163 W. 48th Realty LLC v Sunflower Natural Spa Inc. (2025 NY Slip Op 02145)

163 W. 48th Realty LLC v Sunflower Natural Spa Inc.

2025 NY Slip Op 02145

Decided on April 15, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 15, 2025

Before: Kern, J.P., Gesmer, Mendez, O'Neill Levy, Michael, JJ. 

Index No. 150925/21|Appeal No. 4110|Case No. 2024-02222|

[*1]163 West 48th Realty LLC, Appellant,
v
Sunflower Natural Spa Inc., Respondent.

Charles E. Boulbol, P.C., Brooklyn (Charles E. Boulbol of counsel), for appellant.

Order and judgment (one paper), Supreme Court, New York County (Paul A. Goetz, J.), entered on or about January 5, 2024, which, to the extent appealed from, awarded plaintiff landlord a money judgment against defendant tenant for unpaid rent and use and occupancy only through the date of the tenant's surrender of the premises, unanimously modified, on the law, to the extent of awarding the landlord additional damages for postsurrender rent that would have been collectible under the lease had the tenant remained in possession of the premises, and remanding for further proceedings consistent with this decision, and otherwise affirmed, without costs.
Paragraph 18 of the lease provides that even after the tenant is dispossessed of the premises, it remains liable for any deficiency between the rent it promised to pay in the lease and any rent the landlord collects from a subsequent tenant. Moreover, paragraph 18 provides that "[t]he failure of [the landlord] to re-let the premises . . . shall not release or affect the tenant's liability for damages."
In general, "a tenant is relieved of its obligation to pay full rent due under a lease where it surrenders the premises before expiration of the term and the landlord accepts its surrender" (Spinelli's Pizza, Inc. v G&T1 Corp., 208 AD3d 420, 420 [1st Dept 2022] [internal quotation marks omitted]). However, a court may enforce a lease containing a provision that a defaulting tenant is liable for rent after the lease is terminated (see Gallery at Fulton St., LLC v Wendnew LLC, 30 AD3d 221, 222 [1st Dept 2006]). Furthermore, a landlord may reserve its rights under the lease to seek damages for unpaid rent; when the landlord reserves those rights, the surrender does not relieve the tenant of its lease obligations (see 622 Third Ave. Co. LLC v Hyatt Leader Ltd, 226 AD3d 463, 464 [1st Dept 2024]; Spinelli's Pizza, 208 AD3dat 420-421).
Here, the parties' surrender agreement explicitly states that the surrender of the premises "is without waiver of any of [the landlord's] claims against [the tenant]." Thus, acceptance of the surrender of the premises from the tenant did not constitute a waiver of the landlord's right under the lease to seek damages in the form of the rent that would have come due from the tenant had it remained in possession. The matter is remanded to Supreme Court for calculation of the correct amount of damages.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 15, 2025